# Larkinsville Mining Co. *v.* Flippo.

*Action to recover Purchase Price of Land.*

1. *Action for purchase price of land; when value of land and value of stock admissible in evidence.*—In an action brought by a vendor to recover the purchase price of land sold to a corporation where it is shown that the consideration expressed in the deed has not been paid, and the only issue presented is whether the purchase price agreed on was to be paid wholly in money, or partly in money and partly in stock in the vendee corporation, evidence as to the value of the land sold and conveyed by the deed and the value of the stock of said corporation is competent and admissible.

2. *Witnesses; opinion of witnesses inadmissible.*—In an examination of a witness it is not competent for him to testify as to what impression was made upon him in a conversation with the plaintiff in reference to a material issue in the case.

3. *Charges to the jury; improper reference to circumstances of the case.*—Charges to the jury which instruct them that in coming to their conclusion they must "carefully consider the circumstances of the case" are misleading and properly refused, since the jury should consider the facts and circumstances of the case as shown in evidence.

APPEAL from the Circuit Court of Jackson.

Tried before the Hon. A. H. ALSTON.

Thsi was an action by the appellee, J. N. Flippo,

against the Larkinsville Mining Company to recover $1,000 alleged to be due as the purchase price of land sold and conveyed by the plaintiff to the defendant.

The defendant pleaded *non assumpsit* and payment.

The plaintiff claimed, and introduced evidence tending to show, that only $35 of the purchase money had been paid, and the balance remained due.

The defendant claimed, and introduced evidence tending to show, that part of the purchase money was by agreement between it and the plaintiff to be paid in cash and part was to be paid by the issuance to the plaintiff of stock in defendant corporation. The stock book of the defendant, which was introduced in evidence, showed that certain stock had been issued to the plaintiff.

Charles Wood, a witness for the defendant, after having testified to having had a conversation with the plaintiff in reference to the sale of his land to the defendant in which the plaintiff told him about the price to be paid for the land, further testified that "He [the plaintiff] left the impression that he was taking stock for his land." The plaintiff moved to exclude this statement on the part of the witness. The court granted the motion, and the defendant duly excepted.

The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "While the deed recites a consideration of $1,000, yet that recital in the deed is not conclusive evidence of the amount to be paid, and in ascertaining what was the consideration to be paid, the jury will carefully consider the circumstances of the case." (2.) "The jury, in weighing and considering the evidence, and arriving at a conclusion, should use their common sense, and judgment and experience, and should arrive at a conclusion from all the circumstances, such as will be approved by the conscience of a fair and reasonable man."

There were verdict and judgment for the plaintiff, fixing his recovery at $965. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

[Larkinsville Mining Co. v. Flippo.]

J. J. SULLIVAN and TALLY & HACKWORTH, for appellant, cited *Pique Manier & Hall v. Arendale,* 71 Ala. 91; *Wilkerson v. Tillman,* 66 Ala. 532; *Davis v. Snider,* 70 Ala. 315; *Allen v. Kennedy,* 91 Mo. 324; *National Exchange Bank et al. v. Rebecca G. Watson,* 13 R. I. 315.

J. E. BROWN, contra, cited *Hommet v. Brown,* 60 Ala. 498; *Donnel v. Griffin,* 46 Ala. 520; *Jordan v. State,* 52 Ala. 188; *Buchanan v. State,* 55 Ala. 154.

TYSON, J.—This action was brought to recover the purchase price of land sold and conveyed by plaintiff to defendant. The only matter of dispute between them was whether the purchase price agreed to be paid, was to be paid wholly in money, or partly in money and partly in stock in defendant corporation. The deed executed by plaintiff to defendant contains the recital as the consideration, for the sale and purchase of the property conveyed by it, "the sum of one thousand dollars," and the acknowledgment of the receipt of it by the plaintiff. These recitals, while open to inquiry or explanation for the purpose of showing, by parol, the true consideration, except when different in character or inconsistent with the one expressed, are *prima facie* true. The evidence being without dispute that the consideration as recited was not paid to the plaintiff, the burden of proof was upon the defendant to reasonably satisfy the jury that it was agreed to be paid partly in stock and partly in money. And, this was the only issue of disputable fact presented by the evidence for the determination of the jury. In solving this question, it was entirely competent to show the value of the lands conveyed by the deed, as it was competent to show the value of the stock. It may be that defendant would have never agreed to pay $1,000 in money for the land, or it may be that plaintiff would never have agreed to take stock in part payment for his land. So then the value of the land and the value of the stock would tend to elucidate the issue the jury were trying. The court erred in excluding evidence of the value of the land and was right in admitting evidence of the value of the stock.

[Woodward Iron Co. v. Herndon, Admr.]

This disposes of all the assignments of error predicated upon exceptions reserved to the rulings of the court upon the evidence, except one, which is involved in the action of the court in excluding the statement of the witness, Wood, that the plaintiff "left the impression [with him] that he was taking stock for the land." In this there was clearly no error.

The charges refused to defendant were misleading in the use of the word circumstances, instead of facts and circumstances as shown by the evidence.

For the error pointed out, the judgment is reversed and the cause remanded.

Reversed and remanded.