(77 South. 70)

## W. T. RAWLEIGH MEDICAL CO. v. WALKER et al. (6 Div. 114.)

(Court of Appeals of Alabama. Nov. 13, 1917.)

1. CONTRACTS ☞144, 145—WHAT LAW GOVERNS.

A contract "subject to acceptance at the home office" of one of the parties in a foreign state, and marked "accepted," with the date thereof, in that state, was completed in that state, and therefore to be construed according to the laws thereof.

2. PLEADING ☞193(6) — DUPLICITY — CONTRACTS.

In suit against guarantors on their joint agreement to guarantee the honest and faithful performance of a contract to pay for supplies furnished, the action in one count being for failure of the original obligor to remit each week as he agreed to do, the count is not demurrable as an action for the breach of two separate and distinct contracts joined in the same count.

3. GUARANTY ☞85(2)—ACTION—PLEADING.

In action against guarantors on their guaranty, where by the contract terms defendants waived notice of acceptance, no such allegations are necessary.

4. GUARANTY ☞85(1)—ACTION—PLEADING.

In action on an absolute guaranty, it is not necessary to allege that plaintiff has exhausted his legal remedies against the original obligor.

5. MONOPOLIES ☞17(1)—SALE OF GOODS.

In a retailer's purchasing contract with a wholesaler of medical and other goods, a provision that he sell goods so purchased at retail prices to be fixed by the wholesaler is void as tending to place a burden upon the alienation of property not necessary for the protection of the parties.

6. CONTRACTS ☞137(1)—PARTIAL ILLEGALITY—SINGLE CONSIDERATION.

Where an agreement consists of a single promise, based on a single consideration, if either is illegal the whole contract is void.

7. CONTRACTS ☞137(1)—SEVERABILITY.

Where an agreement is founded on a legal consideration containing a promise to do several things or to refrain from doing several things, and some only of the promises are illegal, the promises which are not illegal will be held to be valid.

8. CONTRACTS ☞137(1)—SEVERABILITY.

The invalidity of a provision requiring a retailer to sell at retail prices fixed by the wholesaler did not invalidate the remainder of the contract, being severable.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from Circuit Court, Cullman County; R. C. Brickell, Judge.

Action by the W. T. Rawleigh Medical Company against W. T. Walker and others. From judgment for defendants, plaintiff appeals. Reversed and remanded.

Action against guarantors in assumpsit for breach of a guaranty by the original obligor in a contract to pay an amount due plaintiff under the terms of the contract. From a judgment for defendants, plaintiff appeals.

O. Kyle, of Decatur, and W. E. James, of Cullman, for appellant. Callahan & Harris, of Decatur, for appellees.

SAMFORD, J. Plaintiff and one S. S. Walker entered into a contract which the defendants guaranteed, the contract and guaranty being as follows:

"Whereas S. S. Walker, of Cullman, Alabama, desires to purchase of the W. T. Rawleigh Medical Company of Freeport, Illinois, on credit and at wholesale prices to sell again to consumers, medicines, extracts, spices, soaps, toilet articles, perfumes, polishes, stock dip and disinfectant, stock preparations and poultry supplies and other goods manufactured and put up by it, paying his account for such goods in installments as hereafter provided.

"Therefore, he hereby agrees to sell no other goods than those sold him by said company, to sell all such goods at regular retail prices to be indicated by it, and to have no other business or employment.

"He further agrees to pay said company for all goods purchased under this contract the current wholesale prices of such goods by remitting in cash each week to said company an amount equal to at least one-half the receipts from his business until his account is balanced, and for that purpose as evidence of good faith he shall submit to said company weekly reports of his business; provided, however, if he pays his account in full on or before the tenth day of each month he is to be allowed a discount of three per cent. (3) from current wholesale prices. When the sale or purchase of goods under this contract shall be permanently discontinued for any reason or upon notice given by either party, he further agrees to settle in cash, within a reasonable length of time, the balance due said company on account.

"Unless prevented by strikes, fires, accidents or causes beyond its control said company agrees to fill and deliver on board cars at place of shipment, his reasonable orders, provided his account is in satisfactory condition, and to charge all goods shipped him under this contract to his account at current wholesale; also to notify him promptly of any change in wholesale or retail prices.

"Said company further agrees to furnish him free of charge on board cars at place of shipment, a reasonable amount of first-class advertising matter, report and order blanks, and printed return envelopes for his use in conducting his business; also to give him, free of charge after he has begun work, suggestions and advice, through letters, bulletins, and booklets, as to the best methods of selling its products to consumers.

"This contract is subject to acceptance of the home office of the company and is to continue in force only so long as his account and the amount of his purchases are satisfactory to said company; provided, however, that said S. S. Walker or his guarantors may be released from this contract at any time by paying in cash the balance due said company on account.

"The W. T. Rawleigh Medical Company,
"By W. T. Rawleigh, President. [Seal.]
"Accepted Dec. 10, 1910, at Freeport, Illinois.
"S. S. Walker.

"In consideration of the W. T. Rawleigh Company extending credit to the above-named person, we hereby guarantee to it, jointly and severally, the honest and faithful performance of the said contract by him, waiving acceptance and all notice, and agree that any extension of time or change of territory shall not release us from liability hereon.

| Names | Occupation | P. O. Address |
| --- | --- | --- |
| W. T. Walker | Farming | Logan, Ala., No. 1. |
| O. W. Peinhardt | Farming | Cullman, " No. 1. |
| J. S. York | Farming | Cullman, " No. 1. |

"The above guarantors are entitled upon request at any time to a statement of salesman's account."

Walker received under this contract $1,181.87 worth of goods, and failed to pay $701.12 of the amount. It is alleged that Walker is insolvent.

[1] The foregoing contract, according to its recitals, was completed in Illinois, and therefore is to be construed according to the laws of that state. Walker v. T. & G. Forbes, 25 Ala. 150, 60 Am. Dec. 498; Southern Fire Co. v. Garden City Co., 223 Ill. 616, 79 N. E. 313, 7 Ann. Cas. 50. The only defendants to this action are the guarantors, the original obligor not being sued; hence there is not a misjoinder of parties defendant.

[2] The action in the first count is for a failure of the original obligor to remit each week as he agreed to do under the contract aggregating the amount of $701.12. The suit is against the defendants as guarantors on their joint agreement to guarantee the honest and faithful performance of the contract between Walker and plaintiff, so far as the said Walker was concerned, and the complaint so declares. This is the only claim under this count, and therefore the ground of demurrer alleging that the count was an action for the breach of two separate and distinct contracts joined in the same count is not tenable.

[3] Under the terms of the agreement, the defendants waived notice of acceptance, and hence no such allegations are necessary. 12 R. C. L. 1070, and authorities there cited; Rawleigh Medical Co. v. Laursen, 25 N. D. 63, 141 N. W. 64, 48 L. R. A. (N. S.) 198.

[4] The contract being one of absolute guaranty, it was not necessary to allege that plaintiff had exhausted its legal remedies against the original obligor. Donley v. Camp, 22 Ala. 659, 58 Am. Dec. 274; Leftkovitz v. First National Bank of Gadsden, 152 Ala. 527, 44 South. 613.

This brings us to a consideration of the questions raised by grounds of demurrer A, B, C, and D, which in effect challenge the validity of the contract on the ground of public policy; it being contended by the defendants that the contract was made for the purpose of stifling competition in articles nec-

essary or useful to life, that it is an unreasonable restraint of trade, that it was for the purpose of increasing the price at which the goods therein agreed to be sold would be sold to the consumer, and to paralyze and hamper the industries of S. S. Walker. If it were not for the clause in the contract to the effect that Walker agreed to sell no other goods than those sold him by the company, to sell all such goods at regular retail prices to be indicated by the company, and to have no other business or employment, there could be no pretense that either ground of demurrer was well taken. The court is unaided by appellee's counsel in arriving at the contention of appellee, no brief for it having come to the hands of the court; but we conclude that the principal insistence is that the contract is in unreasonable restraint of trade, and that it places an unnecessary burden upon the alienation of personal property.

[5-7] But in this case it is not necessary to decide that question. The plaintiff does not claim by reason of a breach of that part of the contract providing that all goods purchased under the contract should be sold at retail prices fixed by it. It may be that that provision of the contract is void as tending to place a burden upon the alienation of property, not necessary for the protection of the parties, and under the authorities we are of the opinion that it is void. Dr. Miles Medical Co. v. J. D. Park & Son, 220 U. S. 373, 31 Sup. Ct. 376, 55 L. Ed. 517; John D. Park & Son v. Hartman, 153 Fed. 24, 82 C. C. A. 158, 12 L. R. A. (N. S.) 146; Gray, Restraint on Alienation of Property, pars. 27 and 28; 6 R. C. L. 809. The claim is for a failure to pay for goods sold and delivered under the contract which the original obligor failed to pay for. The rule is that where an agreement consists of a single promise, based on a single consideration, if either is illegal, the whole contract is void. 9 Cyc. 564. But where the agreement is founded on a legal consideration containing a promise to do several things or to refrain from doing several things, and some only of the promises are illegal, the promises which are not illegal will be held to be valid. 9 Cyc. 564; Ware v. Curry, 67 Ala. 274; 6 R. C. L. 814, § 214; City of Gadsden et al. v. Mitchell et al., 145 Ala. 137, 40 South. 557, 6 L. R. A. (N. S.) 781, 117 Am. St. Rep. 20.

[8] The only part of this contract which we hold to be void is the promise that the original obligor would sell all goods purchased under the contract at retail prices to be fixed by plaintiff. This clause can be separated and eliminated and still leave a contract with several legal promises based upon a valuable consideration.

It therefore follows that the defendant's demurrers to the complaint should have been overruled, and the court erred in failing to do so. The judgment of nonsuit is set aside,

the case is reinstated, the judgment of the lower court is reversed, and the cause is remanded.

Reversed and remanded.

BROWN, P. J., not sitting, having been of counsel.