### 10562.  POPE *v.* PEEPLES.

JENKINS, P. J.  1. The petition in this case, in which the plaintiff sought to recover commissions as a sales broker, set forth a cause of action based on a contract of listment; and, no special objections being entered and preserved setting up the insufficiency of the averments made by the petition relative to the plaintiff's contract with the defendant, the averments as actually made authorized the admission of the plaintiff's evidence establishing the contract of listment sued on, and its breach on the part of the defendant. The eleventh ground of the motion for a new trial is therefore without merit. The principle stated likewise disposes of the fifteenth ground of the motion.

2. The evidence set out in the tenth ground of the motion for a new trial (which is the first ground insisted upon) was immaterial and irrelevant to the issues involved, and should have been excluded for that reason. Furthermore, the admission of this evidence might have been prejudicial to the defendant.

3. The point made in the twelfth ground of the motion is not sustained by the record. The real-estate broker who is suing for commissions does not allege in his petition that under defendant's listment of the property the purchaser was to pay $2,000 in cash "and $2,000 in notes," but he alleges that $2,000 was to be paid in cash and the balance "upon such reasonable terms as would suit the convenience of such purchaser and which might be agreed upon between the said purchaser and the defendant." The fact that the purchaser procured by the plaintiff offered the entire $4,000 in cash is not to be taken as

a variance in the authorized terms, since, under all the evidence, both for plaintiff and defendant, the defendant absolutely refused to sell at all, and consequently can not complain that the all-cash offer was one to which he might reasonably have failed to agree.

4. While all legal testimony tending to show that there was no agreement in the same sense between the parties relative to the alleged contract of listment would be admissible, the refusal of the trial judge to allow the defendant to answer the question, "In this conversation he [the plaintiff] had with you, how did you regard the negotiations?" was not erroneous, since the question could not elicit a substantive fact, but an opinion only.

5. Although the trial judge had properly charged the jury that the burden of proof rested upon the plaintiff to establish by a preponderance of the testimony the contract sued upon and its breach by the defendant, still in one portion of his charge he further instructed them that the defendant was required to carry the burden of proving his defense by a preponderance of the testimony. At the close of his charge he made this additional statement: "In this matter, gentlemen of the jury, it has been called to my attencion that I might have charged you in this charge that the defendant is required to carry the burden of the defense by a preponderance of the testimony. That is not the law, but he is only required to prove to your satisfaction his defense in this case." Inasmuch as the answer in this case is not based upon any matter of affirmative defense, but amounts only to a denial that the contract sued upon had been made as alleged, even the final statement by the judge, that the defendant "is only required to prove to your satisfaction his defense in this case," does not correctly state the rule. In a case such as this one the burden does not shift, and it is not obligatory on the jury to divide the evidence into two parts, and determine their belief provisionally by one of the parts only, but they may consider the evidence for both sides as a whole in all the stages of their deliberations, the burden of proof meanwhile remaining where the pleadings originally placed it. *Mobley* v. *Lyon*, 134 *Ga.* 125, 128 (67 S. E. 668, 137 Am. St. R. 213, 19 Ann. Cas. 1004) ; *Hawkins* v. *Davie*, 136 *Ga.* 550 (71 S. E. 873) ; *R. & D. Railroad Co.* v. *Howard*, 79 *Ga.* 44 (3 S. E. 426).

*Judgment reversed. Stephens and Smith, JJ., concur.*
DECIDED NOVEMBER 19, 1919.

Action on contract; from city court of Tifton—Judge Price. April 16, 1919.

*R. E. Dinsmore*, for plaintiff in error. *R. D. Smith*, contra.