(95 South. 459)

**W. T. RAWLEIGH CO. v. DEAVOURS et al.**
(6 Div. 199.)

(Supreme Court of Alabama. Jan. 18, 1923. Rehearing Denied Feb. 8, 1923.)

**1. Guaranty �824 11—Under Illinois law, conditional execution of contract not available as defense unless beneficiary of contract had knowledge of conditional execution.**

Under the Illinois law, neither a surety nor a guarantor can defeat a recovery on a contract of guaranty because, in breach of the asserted condition, delivery of the contract was made without the signature thereto of another who was to join in the execution of the instrument, unless the payee or beneficiary of the contract of surety or guaranty was advised of the condition that another should join in its execution before the contract should be delivered or should bind surety or guarantor signing the same.

**2. Guaranty �824 26—Whether guarantors executed contract of guaranty conditionally, held for jury.**

Question whether plaintiff's authorized agent presented a contract of guaranty to defendant guarantors with the understanding that they (defendants) executed it upon condition that, if another did not also sign it, defendants would not be bound thereby, *held* for the jury.

**3. Principal and agent �824 178(1)—Knowledge of agent of conditional execution of contract of guaranty held imputable to principal.**

Knowledge of an authorized agent within the scope of his authority, acquired during the execution of the agency, of a conditional execution of a contract of guaranty by the guarantors, is attributable to the agent's principal.

**4. Evidence �824 71—That properly addressed and posted letter is received by addressee held rebuttable presumption.**

There is a rebuttable presumption that a properly addressed and posted letter is received in due course by the addressee.

**5. Contracts �824 127(1)—Stipulation that acknowledgment by principal debtor of his indebtedness to creditor would bind guarantors held valid; its effect makes debtor agent of guarantors.**

A stipulation in a contract of guaranty that the written acknowledgment by the principal debtor of the amount of his indebtedness to the creditor would bind the guarantors is valid; its effect is to constitute the principal debtor an agent of the guarantors in respect of the particular matter thereby defined and to characterize a bona fide acknowledgment of the principal debtor an admission attributable to the guarantors just as if they themselves had uttered the admission, provided the acknowledgment was not affected with vitiating fraud or mistake.

**6. Contracts �824 127(1)—One may confer authority on another to make admission as to particular matter; such admission binding upon party conferring authority.**

A party to a contract may in advance bind himself by the statement or admission of an-

other upon a particular matter, and, if no vitiating fraud or mistake affects such person's so authorized utterance or conclusion, a person conferring that authority is bound by his expression in the premises; if vitiating fraud or mistake is relied upon to avoid the effect of the exercise of the authority conferred, the burden to so impeach the expression is upon him who asserts its invalidity.

**7. Guaranty ⬡⟿90 — Where guarantors conferred authority on principal debtor to bind them by written acknowledgment of indebtedness, held error to exclude such written acknowledgment designed to show amount owing by debtor.**

Where a contract of guaranty contained a stipulation that the written acknowledgment of the principal debtor of the amount of his indebtedness to the creditor would bind the guarantors, plaintiff was entitled to show, in an action on the contract of guaranty, that the principal debtor had made the written acknowledgment contemplated by the contract, and to offer in evidence the acknowledgment purporting to have been signed by the debtor; the amount thus admitted and unimpeached being the measure of liability of the guarantors, in the absence of a showing of fraud in respect of the amount of the principal's debt.

**8. Guaranty ⬡⟿90 — Testimony of creditor's secretary in charge of books of accounts held improperly excluded.**

Where a contract of guaranty constituted the "books" of plaintiff creditor the source for ascertaining the amount of the account of the principal debtor at the date of the acceptance of the contract of guaranty, it was error, where his qualifications to testify relative to plaintiff's books of account were shown, to exclude testimony of plaintiff's secretary seeking to establish the amount of the account of the principal debtor at the time of the acceptance of the contract of guaranty; such testimony being relevant and admissible under the terms of the contract.

**9. Guaranty ⬡⟿90 — Invoices, bills of lading, etc., held improperly excluded in action against guarantors of principal's indebtedness.**

In an action by plaintiff creditor against defendant guarantors of the principal debtor's account, *held*, error to exclude invoices and bills of lading designed to show that goods were ordered by the principal debtor and shipped to him; such papers being relevant and admissible as original evidence pertinent to the issues.

**10. Guaranty ⬡⟿11 — Contract of guaranty held absolute, not conditional.**

Contract of guaranty of principal debtor's account owing to creditor for goods shipped and to be shipped *held* absolute, not conditional.

**11. Guaranty ⬡⟿77(2) — Under absolute contract of guaranty, creditor need not first proceed against principal debtor to establish liability of guarantors.**

Under an absolute contract of guaranty, no obligation rests upon the creditor first to take legal steps or other action against the principal debtor in order to establish the liability of the guarantors in the premises.

Appeal from Circuit Court, Fayette County; T. L. Sowell, Judge.

Action by the W. T. Rawleigh Company against H. V. Deavours and F. R. Panter. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

W. S. McNeil, of Fayette, and Lacy, Lacy & Shepherd, of Jasper, for appellant.

A contract of guaranty is construed by the laws of the state where consummated. 16 Ala. App. 232, 77 South. 70. Where the debt has become due and absolute before guaranty is given, it is not necessary that legal steps be taken against the principal debtor before proceeding against the guarantor. 16 Ala. App. 232, 77 South. 70; 152 Ala. 527, 44 South. 613; 15 Ala. App. 359, 73 South. 291. Under the laws of Illinois a surety cannot defeat a recovery because delivery of the contract was made without the signature of another, who was to join in its execution, unless the beneficiary had notice of the understanding that it was to be signed by such other. 101 Ill. 467; 91 Ill. 328. The original orders, bills of lading, etc., were admissible as showing compliance by plaintiff with the contract and that the principal was indebted. 9 Ala. 42; 126 Ala. 326, 28 South. 433; 16 Cyc. 1034; 176 Ala., 631, 58 South. 315. The written acknowledgment of indebtedness by the principal was admissible. 126 Ala. 513, 28 South. 496; 112 Ala. 318, 20 South. 447; 202 Ala. 384, 80 South. 466.

S. T. Wright, of Fayette, for appellees.

Legal steps to perfect the claim against the principal are necessary before proceeding against the guarantors. 5 Ala. App. 412, 59 South. 512; 7 Ala. App. 242, 60 South. 1001; 186 Ala. 414, 65 South. 52. The written admission of indebtedness by the principal was inadmissible. 16 Ala. App. 394, 78 South. 310. The action of the plaintiff's agent in taking the contract of guaranty was the act of the plaintiff. 7 Ala. App. 242, 60 South. 1001.

McCLELLAN, J. The plaintiff, appellant, sued to recover of H. V. Deavours and F. R. Panter, as guarantors, money due it by W. R. Deavours. The plaintiff in a manufacturer of medicines, toilet articles, etc. The business conducted is of an interstate character. Prior to March–April, 1915, W. R. Deavours had a contract to purchase articles of the plaintiff. He fell behind in his remittances, and on April 3, 1915, made a new contract with the plaintiff. Attached to W. R. Deavours' new contract, which was accepted and approved by the plaintiff on the last-named date, was the following contract of guaranty to which the defendants (appellees) affixed their signatures:

"For and in consideration of the extension of further time to the above-named second par-

---

⬡⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ty in which to pay his account, for goods previously bought by him from the company, and in further consideration of the W. T. Rawleigh Medical Company extending further credit to said second party, we, the undersigned, do hereby severally guarantee unto said W. T. Rawleigh Medical Company, unconditionally, first, the payment in full of the balance due said company on account as shown by its books at the date of the acceptance of this contract, and second, the full and complete payment due said company of any and all indebtedness incurred under the terms of the above and foregoing instrument by the second named as such therein, to which terms and conditions we fully assent, waiving acceptance of this contract of guaranty and all notice, and agree that the written acknowledgment of said second party of the amount due on his account, or that any judgment rendered against him for any moneys due the company, shall in every and all respects bind and be conclusive against the undersigned. And we further agree, that in any suit brought on this contract of guaranty by the company, no other or further proof shall be required of it, than to establish the amount or sums of money due and owing to it from the said second party, and then so proven shall be conclusive and binding upon us, and that, any extension of time shall not release us from liability under this contract of guaranty.

"Responsible men sign below in ink or indelible pencil.

"Names.      Occupation.   P. O. Addresses.
"H. V. Deavours.   Farming.   Bankston, Ala.
"F. R. Panter.   Farming.   Corona, Ala."

This contract bound the defendants to pay the past indebtedness of W. R. Deavours as that indebtedness was "shown by its (i. e. the plaintiff's) books at the date of acceptance of this contract," viz. April 3, 1915; and also bound the defendants to pay future indebtednesses incurred to plaintiff under the contract; expressly waiving notice of acceptance of the guaranty. The contract of guaranty also expressly provided "that the written acknowledgment" by W. R. Deavours "of the amount due on his account * * * should (shall) in every and all respects bind and be conclusive against" these defendants.

Both defendants admitted having signed this communciation, on a printed form, subsequent to their execution of the contract of guaranty sued on:

"Corona, Ala., March 31, 1915.
"The W. T. Rawleigh Medical Company, Freeport, Illinois—Dear Sirs: I am in receipt of your letter of March 19th, 1915, and will say that I signed the contract you mention therein, as guarantor for W. R. Deavours, and understand 'that such signature makes me responsible for the indebtedness due your company at the date of its acceptance, and also for all the products he may order and you may ship to him during the life of the contract.

"I would appreciate it if you will accept his contract.

"Yours truly."

Both defendants denied receiving the letter referred to in the just-quoted writing.

209 Ala.—9

The letter of "March 19, 1915"—the receipt of which the defendants purported to acknowledge in the writing last quoted—stated the amount of the then past-due indebtedness of W. R. Deavours at that date.

Consequent upon rulings excluding evidence relevant to the issues, the court gave the general affirmative charge requested for defendants.

[1-4] These defendants, as guarantors, appropriated to the definition of their obligations the terms and conditions of the principal contract, and made their contract of guaranty an engagement subject to the applicable laws of the state of Illinois. New York Life Ins. Co. v. Scheuer, 198 Ala. 47, 73 South. 409. According to the evidence afforded by the decisions of the Illinois Supreme Court pronounced in Comstock v. Gage, 91 Ill. 328, Rhode v. McLean, 101 Ill. 467, and Davis Machine Co. v. Buckles, 89 Ill. 237, neither a surety nor a guarantor can defeat a recovery on such contract because, in breach of the asserted condition, delivery of the contract was made without the signature thereto of another who was to join in the execution of the instrument; unless the payee or beneficiary of the contract of suretyship or guaranty was advised of 'the condition that another or others should join in its execution before the contract should be delivered or should bind the surety or guarantor signing the same. There was testimony for the defendants designed to show that an authorized agent of the plaintiff presented the contract of guaranty to these defendants and, in effect, that they executed it with the understanding that, if one Strickland did not also sign it, their execution thereof should not obligate them. The evidence on this issue was in conflict, requiring the jury's judgment to decide it. If the authorized agent of the plaintiff was advised of the conditional execution of the guaranty, as defendants testified, and the jury should accept that view rather than that to the contrary shown by plaintiff's evidence, the stated rule of law in Illinois would not apply to plaintiff's advantage; since knowledge of an authorized agent, within the scope of his authority and acquired during the execution of the agency, is attributable to his principal. The defendants denied having received plaintiff's letter in which it was stated that these two defendants alone constituted the guarantors of W. R. Deavours' contract, and after the purported receipt of which letter they signed and transmitted the writing acknowledging their obligations as guarantors. Whether the letter in question was received by them before transmitting the writing acknowledging their relation as guarantors was a question for the jury to determine. The admission was made by them in writing that the letter of March 19, 1915, had been received. Furthermore, there is a presumption,

rebuttable of course, that a properly addressed and posted letter, úpon which the requisite postage is paid, is received in due course by the addressee. Holmes v. Bloch, 196 Ala. 322, 326, 327, 71 South. 670, among others.

[5-7] In response to interrogatory 26, the plaintiff's witness Jackson testified:

"I will say that Mr. Deavours never did deny owing the plaintiff company the above claim. We received letters from him time and again advising that he knew he owed this debt and wanted to try to pay it and I have here his written approval of account which we sent him promptly on the close of business on June 30, 1915, showing the amount he owed and requested that if he found it correct and to correspond with his books, to sign it and return to us which he did under date of July 10, 1915, acknowledging that on June 30th, he owed us $1,766.55. You can see by referring to the itemized statement that he purchased some goods after that time and made some payments which makes the balance as I have hereinbefore stated. I am marking this approval of account which we received from Mr. Deavours through due course of United States mail and which is signed by him, 'Exhibit M' and attaching it to my deposition."

On objection by defendants the court excluded the just-quoted testimony, and also Exhibit M, which was of the tenor and effect stated by the witness. This was error. In terms the contract of guaranty provided that the "written acknowledgment" by W. R. Deavours "of the amount due on his account" should bind the guarantors. If the contract of guaranty became effective and binding upon these defendants, the effect of the stipulation that the written acknowledgment by the principal debtor of the amount of his indebtedness to the creditor was valid was to constitute, by anticipatory provision, W. R. Deavours an agent of the guarantors in respect of the particular matter thereby defined, and to characterize a bona fide acknowledgment, so made by W. R. Deavours, an admission attributable to the guarantors just as if they themselves had uttered the admission; provided, of course, the acknowledgment so made by W. R. Deavours was not affected with vitiating fraud or mistake. Craig v. Craig, 3 Rawle (Pa.) 472, 24 Am. Dec. 390, 393; 2 Wigmore on Evidence, §§ 1069, 1070; 2 Chamberlayne on Evidence, § 1354; 1 R. C. L. pp. 482, 483, § 18. A party to a contract may in advance bind himself by the statement or admission of another upon a particular matter; and, if no vitiating fraud or mistake affect such person's so authorized utterance or conclusion, the person conferring that authority is bound by his expression in the premises. If vitiating fraud or mistake is relied upon to avoid the effect of the exercise of the authority conferred, the burden to so impeach the expression is upon him who asserts its invalidity.

Craig v. Craig, 3 Rawle (Pa.) 472, 24 Am. Dec. 390, 393. The pronouncement by the Court of Appeals in W. T. Rawleigh Medical Co. v. Hooks, 16 Ala. App. 394, 78 South. 310, cited on the brief for appellees, to a different effect, cannot be accepted or approved, for that no proper discriminative account was therein taken of the effect of a contractual, particular stipulation conferring on the debtor the authority to bind his guarantor by a written acknowledgment of the amount of the indebtedness the payment of which is guaranteed. The general rule stated by the Court of Appeals is, of course, abstractly sound.

Through the answer to interrogatory 26, quoted ante, the plaintiff undertook and was entitled to show that the principal debtor had made the written acknowledgment contemplated by the contract; and, no fraud in respect of the amount of the principal's debt being shown, the amount thus admitted and wholly unimpeached was the measure of the liability of these guarantors; unless, as has been stated, the contract of guaranty was abortive because of the asserted failure of Strickland to join defendants as guarantors. Exhibit M purports to have been executed by W. R. Deavours, the principal to these guarantors; and there is no evidence reflecting upon the integrity of this acknowledgment by the principal in respect of its execution by W. R. Deavours or in respect of its recitation of the amount of his account with plaintiff.

[8] The court also erred in excluding the testimony of the witness Jackson whereby the plaintiff sought to establish the amount of the account of W. R. Deavours, at the time of acceptance of this new contract by plaintiff. The contract of guaranty constituted the "books" of the plaintiff the source for ascertaining the amount of the account at the date of acceptance. Jackson was shown to be the secretary of the plaintiff, with administrative and supervisory functions and charged with the custody of the "books and accounts" of the corporation. The secretary testified to the correctness of the account exhibited; that he had compared it with the plaintiff's books of original entry and with the orders, invoices, and other data, and had found that the statement exhibited was correct. Under the terms of the contract testimony to these effects was relevant and admissible.

[9] The court was mistaken in excluding original invoices, bills of lading, etc., which were designed to show what goods were ordered by W. R. Deavours and shipped to him. Manifestly these very numerous papers were relevant and admissible as original evidence pertinent to the issues in the trial, if the plaintiff thought it necessary to present such data.

[10, 11] This contract of guaranty was ab-

solute, not conditional. Donley v. Camp, 22 Ala. 659, 58 Am. Dec. 274; Leftkovitz v. Bank, 152 Ala. 521, 44 South. 613; 12 R. C. L. p. 1064. Nothing to the contrary was decided in Watkins Medical Co. v. Lovelady, 186 Ala. 414, 65 South. 52; the pronouncement there being that the contract was one of guaranty, not of suretyship. Since the contract of guaranty now under consideration was absolute, not conditional, there was no obligation upon the plaintiff to first take legal or other action against the principal, W. R. Deavours, in order to fix or to establish the liability of these guarantors in the premises.

For the errors indicated the judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.