140 So. 449

**INDUSTRIAL SAV. BANK v. MITCHELL.**

6 Div. 892.

Court of Appeals of Alabama.
Jan. 12, 1932.

Rehearing Denied Feb. 2, 1932.

W. A. Jacobs, of Birmingham, for appellee.

Bradley, Baldwin, All & White, E. L. All, and W. M. Neal, all of Birmingham, for appellant.

**BRICKEN, P. J.**

The case went to the jury upon counts 1 and 2 of the complaint. To each of these counts appellant interposed numerous grounds of demurrer, but the only objection urged in brief is that one count contains two causes of action. The gravamen of each is a personal wrong, of the nature invol/ed in Engle v. Simmons, 148 Ala. 92, 41 So. 1023, 7 L. R. A. (N. S.) 96, 121 Am. St. Rep. 59, 12 Ann. Cas. 740. The additional averments, by way of inducement, of facts giving color and tone and furnishing the background of the basic facts relied upon for a recovery, do not cause a separate cause of action.

Appellant introduced as a witness L. R. Hanna, and by him proved a portion of a conversation or transaction had with one Perkinson. This entitled appellee to prove the remainder of what was said and done on that occasion.

Appellant complains that it was not allowed to prove by its witness and president what was his "understanding" with reference to the closing of a transaction. That involved only the conclusion of the witness and was properly disallowed. Mobile, J. & K. C. R. R. Co. v. Hawkins, 163 Ala. 565, 51 So. 37; Holman v. Clark, 148 Ala. 286, 41 So. 765; Henderson v. Brunson, 141 Ala. 674, 37 So. 549.

Appellee was entitled to offer proof that appellant's president had declared he could send to the penitentiary plaintiff's husband and that such statement was communicated to this plaintiff, prior to the visit of Mr. Naff up-

on the occasion complained of. This shed light upon the purpose of such visit, as also upon the reaction of plaintiff to such visit, following such statement.

The record does not support assignment numbered 4, for instead of showing (as the assignment says) the court overruled defendant's objection to the question, it shows on the contrary defendant asked the question.

The question involved in assignment 5 was obviously an improper one—a statement by the witness to an unnamed person that "they" (whoever that may have been) had complained (where or to whom not being stated) of appellant's agent's visit to plaintiff's home.

Appellant's witness Naff admitted knowing plaintiff had been ill—had been in the hospital—but was uncertain as to the date when he learned such facts, and denied that he knew, before going to the house, that plaintiff was in bed. The court, over appellant's objection, allowed plaintiff to show by this witness that no one instructed him to send flowers to the hospital to plaintiff while she was in the hospital. That fact was foreign to and could have no bearing whatever upon the inquiry involved in this case and should not have been in evidence. However, a trial court may not be reversed for admitting testimony which is immaterial and irrelevant, but which could not have influenced the jury's decision. Tutwiler v. Burns, 160 Ala. 386, 49 So. 455; Burgin et al. v. Stewart, 216 Ala. 663, 114 So. 182; Snedecor v. Pope, 143 Ala. 275, 39 So. 318. Moreover, appellant's grounds of objection that such testimony was "illegal, irrelevant, incompetent," do not present anything for review, according to the Supreme Court. Harvey v. Bodman, 212 Ala. 503, 103 So. 569. The foregoing is sufficient to dispose of assignment 12 also.

Appellant's refused charges to the effect that the only basis of recovery is for what is alleged to have occurred on the occasion of the visit, and that the jury couldn't assess damages for any occurrence subsequent to such visit, were misleading. They tended to withdraw from the jury all consideration of the resultant and subsequent effect, if any, upon plaintiff's physical and mental condition, proximately caused by and flowing from such visit.

Appellant's charge as contained in the record, "the only material issues in this case for which damages are claimed are as to what occurred," etc., is not readily understood. Damages are not claimed for issues, but for alleged wrongs.

The record does not show what, if indeed any, argument was made by plaintiff's counsel; hence, so far as is shown, appellant's requested charge replying to what was "argued by counsel for plaintiff" was properly refused.

When this case was given to the jury, the record shows that it was agreed by the attorneys for both parties to the suit that the verdict might be received by the bailiff and, if not in form, be put in form. The jury after some two hours' consideration of the case handed the bailiff two verdicts; one finding for the plaintiff under count 1 of the complaint and assessing her damages under that count at $100. The other verdict found for the plaintiff under count 2 of the complaint and assessed the plaintiff's damages under that count at $900. The members of the jury dispersed. The next morning the court reassembled the jury, declined to receive these verdicts, and instructed them that under the law they could only return one verdict in the case, informing them that if they found under one count only to specify or designate the count, or, "if you find for the plaintiff under both counts of the complaint, you may simply say, we, the jury, find for the plaintiff and against the defendant and assess the plaintiff's damages at so much." In accordance with the instructions the jury returned one verdict fixing the plaintiff's damages at $1,000. By appropriate objections the appellant challenged the action of the trial court which is here assigned as error.

In this connection the trial court rendered an opinion, which appears in the record, wherein the matters involved are ably discussed. The said opinion of the trial court is as follows:

"The principal insistence made by the defendant on the motion for a new trial is that the court erred in refusing to receive the two verdicts delivered by the jury to the bailiff, and in reassembling the jury and in reinstructing it as to the form of its verdict.

"Two questions necessarily arise. The first is: Was it proper for the jury to return a separate verdict under each count of the complaint, even though the averments of both counts were found to be true? The second is: Did the court have authority to reassemble the jury and resubmit the case to them for a proper verdict?

"At the outset it is to be noted that apart from the exception wrought by section 9468 of the 1923 Code, which has no application to the instant case, the court is not bound to require the jury to specify under which count or counts a verdict is rendered. Southern Ry. Co. v. Lawler, 11 Ala. App. 241, 65 So. 857, certiorari denied, Ex Parte Southern Ry. Co., 191 Ala. 663, 66 So. 1009.

"It appears both from an examination of the complaint as well as from the evidence introduced on the trial that both counts of the complaint relate to the same transaction, and that both, though there is a slight variation

in their language, seek a recovery on the same cause of action.

"Neither our Supreme Court nor Court of Appeals have passed upon the first question now before the court, but in such other jurisdiction have considered the question, it has been ruled that there cannot be a separate verdict for the plaintiff upon each count.

"In the case of Parker v. B. & M. R. R., 84 Vt. 329, 79 A. 865, it was held that where several counts in a declaration are based on the same cause of action, and merely vary in statement to meet the possible phases of the evidence, there should be but one verdict.

"To like effect is the case of Southern Missouri & A. R. Co. v. Wyatt, 223 Mo. 347, 122 S. W. 688, where the court said:

" 'As a general rule, where there are several counts in a petition, each stating a separate cause of action, there should be a separate finding on each. But that is not the case where the several counts relate to the same transaction.'

"See also to the same effect Sedgwick v. Sedgwick, 50 Colo. 164, 114 P. 488, Ann. Cas. 1912C, 653.

"It appearing that the jury was attempting to render two separate verdicts on the same cause of action, it was the duty of the court to decline to receive the verdicts and to direct the jury to return for further deliberation. Traylor v. Hughes, 88 Ala. 617, 7 So. 159; City of Birmingham v. Hawkins, 196 Ala. 127, 72 So. 25.

"The authority as well as the duty of the court to reassemble the jury and resubmit the case to them for the rendition of a proper verdict is definitely settled by the case of Scott v. Parker, 216 Ala. 321, 113 So. 495; Singer v. National Bond & Investment Co., 218 Ala. 375, 118 So. 561; City of Birmingham v. Hawkins, 196 Ala. 127, 72 So. 25.

"The defendant contends that the history of the case shows that that jury's verdict is excessive by the amount of $900; that since the jury in its first verdict found for the plaintiff under count 1 and assessed damages thereunder at $100, that the attempted assessment of $900 under count 2 constituted a duplication of damages for the same acts, and that as the final verdict—the one affirmed by the jury and received by the court—was equal in amount to the sum of the two rejected verdicts, that this perforce shows a double assessment of damages against the defendant. The answer to this contention is that the two verdicts were not accepted by the court and never became verdicts; that it is consistent that the jury may have, as they evidently did, determined the plaintiff's damages to be $1,000, and that they were merely attempting to distribute that amount between the two counts, feeling they were under some sort of duty to make such distribution. Such a mis-

apprehension on their part may have arisen through a misunderstanding of the court's oral charge. Their final verdict leaves no room for doubting that their decision was that the plaintiff was damaged in the sum of $1,000.

"The court is of the opinion, however, that the verdict is excessive by the amount of $500, and, the plaintiff consenting to a reduction of the judgment to $500, the judgment is reduced to $500 and the motion overruled. The defendant excepts to the action of the court in overruling the motion."

■ We accord our approval to the foregoing opinion, and commend the practice of writing and including in the record the views and opinion of the trial judge as being most helpful to the reviewing court in its consideration of the case.

A careful consideration of the entire record does not disclose any prejudicial error.

The judgment appealed from is affirmed.

Affirmed.