173 So. 891

## HOLLANDER et al. v. STATE.

### 8 Div. 369.

Court of Appeals of Alabama.

April 6, 1937.

Rehearing stricken April 20, 1937.

H. K. Martin, of Dothan, for appellant.

A. A. Carmichael, Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for the State.

F. S. Parnell, of Florence, for appellants.

A. A. Carmichael, Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The four above-named appellants were jointly indicted, and jointly tried upon the indictment for the offense of robbery—in that, they feloniously took one $5 bill, and one $10 bill, and two $1 bills, lawful money of the United States, the property of Bob Williams, from his person and against his will, by violence to his person, or by putting him in such fear as unwillingly to part with the same, against the peace and dignity of the State of Alabama.

The crime thus charged was, under the law, a capital offense.

■ The statute makes it the duty of this court, on appeal, to consider all questions apparent on the record or reserved by bill of exceptions.

As to the record here, there is nothing to show that the trial court complied with the mandatory provisions of section 8644, Code 1923, which provides: "Whenever any person or persons stand indicted for a capital felony, the court must, on the first day of the term, or as soon as practicable thereafter, make an order commanding the sheriff to summon not less than fifty nor more than one hundred persons, including those drawn on the regular juries for the week set for the trial of the case, and shall then in open court draw from the jury box the number of names required, with the regular jurors drawn for the week, set for the trial, to make the number named in the order, and shall cause an order to be issued to the sheriff to summon all persons therein named to appear in court on the day set for the trial of the defendant, and must cause a list of the names of all the jurors drawn for the week in which the trial is set, and those drawn as provid-ed in this section, together with a copy of the indictment, to be forthwith served on the defendant, by the sheriff."

■■ The above orders required of the trial court are, as stated, mandatory, and a failure to strictly comply therewith by the court would necessitate a reversal of the judgment of conviction, for in the absence of such orders shown by the judgment entry in the record the judgment cannot be upheld. However, these questions cannot be raised for the first time on appeal, as the law now is, where no question was raised before the trial court as to the necessary orders, supra, it will be presumed on appeal that all such orders were regularly and legally made in the court below.

■ In this case no question in this connection is presented, therefore the lower court will not be put to error.

In our case of Catrett v. State, 25 Ala. App. 331, 146 So. 287, 288, this court said: "The law now is, where no question was raised before the trial court as to the order of the court for the special venire, or as to fixing the day for the trial of defendant, the transcript on appeal should not contain such matters. In the absence of any such question, such proceedings are, upon appeal, presumed to have been regular and legal. Such are the express terms of the statute." See, also, Scott v. State, 228 Ala. 509, 154 So. 113, and cases cited.

The trial in the lower court resulted in the conviction of these four appellants, their punishment was fixed at 10 years' imprisonment in the penitentiary as to each defendant. The record discloses that all of the appellants are white people, the women being of the ages of 18 and 19 years old respectively, and the male appellants of the age of 21 and 20 years respectively.

On the direct examination of Bob Williams, the alleged injured party, he testified: "My name is Bob Williams, I live in East Florence. I know the defendants in this case, Pie Parks, Albert Hollander, Flora Parks and Louise Twitty. On of the night of the alleged hold-up I had been to Memphis and come in on the train that gets in Sheffield around two o'clock in the morning. I got off at Sheffield, Mr. Fielder brought me to Florence. He is a undertaker. I had brought my dead daughter home. I got out of Fielder's hearse on Court Street and went to the Hooks House and called for a taxi. I called No. 100 and could not get anyone. Pie Parks and Hol-

lander were sitting there and Hollander said he would carry me home. I wanted to go home. I got in the cab and started with Pie, Hollander and these two women over there, defendants. When he got up going north instead of turning at the first avenue he kept going straight, I said where are you going, he said I am going to carry these people and he hit the Jackson Highway and turned to the right. We were going north. I told him to stop I would get out and walk. When they got to Royal Avenue he came to a stop and got some gas and then instead of going toward my place he turned up the Jackson Highway. I told him to stop and he would not and I got hold of the steering wheel. When I did that he hit me in the head with a brick bat. Mr. Pie Parks did. I was on the left side of the back seat and he was in the front seat. He had the brick in the front of the car somewhere. He hit me and swung it back over the seat beside the driver. I was trying to get him to stop so I could get out. These two women, (meaning the two female defendants) swung on to me and he got out and hit me again. Parks is the one that hit me. The women were still swinging on me. I lost conscious temporarily. The girls (meaning the two females defendants) were holding to my arms when he hit me, they were trying to get their hands in my pockets. I had $17.00 and some change on me. I had a $5.00 bill, a $10.00 bill, two ones and some change. After I came to I went to Mr. Stamps. It was pretty close to where he lives. The car stopped not far from his house. He called the law. I saw my money last at the Hooks house. Immediately after I became conscious I felt in my pockets for my money, it was gone."

The State offered testimony tending to corroborate Williams as to the personal injuries claimed to have been inflicted upon him, and other relevant matters in connection with the commission of said offense.

■ Each of the four defendants testified as witnesses in their own behalf, and all of them emphatically denied the testimony given by Williams. The defendant Parks admitted that he struck Williams with his fist for and on account of an alleged insult by Williams to his sister ·Flora Parks while riding next to· her in the cab. They stoutly denied taking any money from Williams, and also that either of the girls touched him in any manner. This direct conflict in the evidence made a jury question, rendering inapt the affirmative charges requested as to each appellant.

We have examined and considered every exception reserved to the court's rulings upon the admission of the testimony, and find no reversible error.

The judgment of conviction from which this appeal was taken as to all four of the defendants must be, and is, affirmed.

Affirmed.

### On Rehearing.

As stated in the foregoing opinion the four appellants were jointly indicted for robbery. They were jointly tried upon said indictment and the trial resulted in the conviction of all four of them, and from the judgment of conviction there was a joint appeal to this court.

■ Upon submission no brief was filed for either of the appellants. A purported application for rehearing in behalf of Albert Hollander, one of the appellants, was filed in this court on April 19, 1937, but said purported application cannot be considered because of noncompliance with provisions of Supreme Court Rule 38. Said rule requires that application for rehearing must be filed with the clerk within 15 days after rendition of the judgment; and said application must be accompanied by brief for the appellant and a certificate of counsel that a copy of such brief has been delivered to opposing counsel within 15 days after rendition of the judgment. The rule also unqualifiedly provides that no application shall be received or filed which is not presented in strict compliance with this rule.

As a result of noncompliance with said rule, the application for rehearing is hereby stricken.

Application stricken.