16 So.2d 800
**W. T. RAWLEIGH CO. v. HANNON et al.**
**5 Div. 392.**

Supreme Court of Alabama.

Feb. 24, 1944.

J. B. Atkinson, of Clanton, for appellant.

Felix L. Smith, of Rockford, for appellees.

GARDNER, Chief Justice.

Plaintiff, The W. T. Rawleigh Company, a manufacturer of medicines, toilet articles, and the like, sued to recover of the defendants, as guarantors, money due it by T. S. McCain, who had with the plaintiff a contract to purchase its articles on a credit basis. Contracts of a similar nature have often been before the courts. W. T. Rawleigh Co. v. Deavours, 209 Ala. 127, 95 So. 459; W. T. Rawleigh Medical Co. v. Wilson, 7 Ala.App. 242, 60 So. 1001; W. T. Rawleigh Medical Co. v. Walker, 16 Ala.App. 232, 77 So. 70. In view of its similarity to the other contracts so often presented in the reports, we find no necessity here to give in detail any of the provisions of this contract. Suffice it to say the execution of the contract by these defendants as guarantors was in no manner questioned, nor was there any controversy in regard to the amount claimed to be due by McCain to the plaintiff.

The proof offered by the plaintiff established these facts beyond controversy; and, evidently anticipating the defense to be interposed, plaintiff's proof further showed that one Carr was in no manner connected with plaintiff as an official or an agent; that he was simply a dealer of merchandise just as was McCain, buying and selling on his own responsibility, and with no authority at any time to make any representations, contracts, or agreements, as the agent or representative of the W. T. Rawleigh Company. Plaintiff's testimony was further to the effect that McCain was under no obligation to sell the products purchased at any particular price, or in any particular locality, but was free to sell at whatever price and at whatever place he chose.

The only witness for the defendants was McCain, and it appears from the record to have been assumed that his testimony, if competent and accepted, sufficed to sustain the view of the invalidity of this contract upon the theory of an unreasonable restraint upon trade.

In view of the fact that we are not favored with a brief from counsel for appellees, and the further fact that this question does not appear to have been seriously dealt with by counsel for appellant in brief, we have concluded to leave it to one side and undetermined. Our conclusion upon the evidence in the case and its admissibility determines the result here, and so far as now appears, the question of the validity vel non of this defense may never be reached for consideration. It is not inappropriate, however, to direct attention to numerous authorities which treat this matter, found cited in Wood v. Traders' Securities Co., 221 Ala. 629, 130 So. 398, a case decided, however, before the passage of the act of 1939, now embraced in Chapter 2, Title 57, Code of 1940.

We may add, also, that the contract here in question appears to have been entered into prior to that date. We may likewise observe that the defense appears to rest upon a verbal agreement made some time after the execution of this written contract, and that whether the question of severability treated by the Court of Appeals in W. T. Rawleigh Medical Co. v. Walker, supra (not here reviewed), was there correctly applied, and if so, would have application here, are also questions proper for consideration. These are matters occurring to the mind upon a mere surface consideration, but not here necessary to be further treated, as will readily appear.

As we have observed, the only witness for the defendants was McCain, the dealer under the contract with the plaintiff. His testimony is to the effect that Carr (above referred to), some time after the execution of this contract, told him that he was to sell only in north Chilton County and to sell at the prices fixed by the plaintiff. McCain had no such instructions from the plaintiff, nor did the written contract contain any such provision.

The question of first importance as to the proof concerns the matter of the agency of Carr. It was incumbent upon the defendants to adduce sufficient proof upon which a reasonable inference could be drawn that Carr was plaintiff's agent and acting within the scope of his authority. Capital Security Co. v. Owen, 196 Ala. 385, 72 So. 8; Ebersole v. Southern

Bldg. & Loan Ass'n, 147 Ala. 177, 41 So. 150.

 The only proof in this regard was the testimony of McCain as to the conversations he had with Carr. The general rule here applicable is found stated in 2 C.J. § 692; 3 C.J.S., Agency, § 322, subd. c, to the effect that the declarations of an alleged agent made to a third person in the absence of the alleged principal, which were not brought to his knowledge or ratified by him, and not supported by other evidence, are not competent against the alleged principal to prove the fact of such agency. We have often given application to this well-recognized rule. Learned-Letcher Lumber Co. v. Ohatchie Lumber Co., 111 Ala. 453, 17 So. 934; Corinth Bank & Trust Co. v. Cochran, 219 Ala. 81, 121 So. 66; Womack v. Bird, 63 Ala. 500; Ebersole v. Southern Bldg. & Loan Ass'n, supra.

Plaintiff interposed objections to the testimony of McCain in regard to the conversations with Carr, rested upon the theory that no agency had been shown, and could not be shown merely by the conversation with the alleged agent. These objections should, in our opinion, have been sustained. True, McCain answered in the affirmative, and before objection was interposed to the question, "Was Mr. Carr an agent for the Company in this County?" Plaintiff's counsel insisted that the witness gave the affirmative answer before he really had an opportunity to interpose his objection, and moved to exclude his answer upon the ground that it was merely the conclusion of the witness. We can readily see where, in this particular matter, plaintiff's counsel was in no wise guilty of any manner of speculation as to what the answer would be. Upon questions of this character much is left to the sound discretion of the trial judge. 18 Ala.Dig., Trial, pages 642, 643, ☞90, 91.

But this matter is not one of controlling importance, particularly in view of the fact that the entire testimony of McCain clearly demonstrates that his conclusion as to the agency of Carr was based solely upon Carr's conversation with him. And in any event, the answer was clearly but a conclusion of the witness, and subject to the objection interposed. 2 C.J. p. 935; 3 C.J.S., Agency, § 322, subd. b.

There being no proper proof, therefore, as to Carr's agency, plaintiff was due the affirmative charge, as duly requested. Chichester v. First Nat. Bank, 242 Ala. 227, 5 So.2d 772.

It results that, for the errors indicated, the judgment should be reversed and the cause remanded.

Reversed and remanded.

BOULDIN, FOSTER, and STAKELY, JJ., concur.