### HAWKINS, administrator, v. DAVIE.

1. Where an action was brought to recover possession of personal property to which the plaintiff claimed title, and the defendant denied that it belonged to the plaintiff, but filed no affirmative plea, on the general case the plaintiff carried the burden of showing that he was entitled to recover; and there was no error in so charging.

(a) In such a case it was not error that the presiding judge did not take up the particular points of contest made by the testimony, and charge in regard to the shifting of the burden of evidence as to such points. If such a charge on a particular point as to which evidence was introduced

would have been appropriate, a request therefor should have been, duly made.

2. Where one question in a case was whether, if a gift of personalty was made, the donor had sufficient capacity to make it, and the judge charged fully as favorably to the excepting party as such party could have asked, in regard to the measure of capacity necessary in such a case, the fact that he illustrated the subject of mental capacity by reading certain sections of the civil code touching testamentary capacity, also informing the jury that no will was involved and that this portion of his charge was simply illustrative of the general subject and did not furnish the standard applicable to the case in hand, furnishes no ground for a reversal.

3. There was no error in charging Civil Code (1910), § 4150, which declares that "The delivery of personal property by a parent into the exclusive possession of a child living separate from the parent shall create a presumption of a gift to the child."

4. None of the other assignments of error furnish any ground for reversal.

July 12, 1911.

Trover. Before Judge Meadow. Oglethorpe superior court. June 8, 1910.

*Sibley & McWhorter* and *Joel Cloud,* for plaintiff.

*John J. Strickland* and *Paul Brown,* for defendant.

Lumpkin, J. 1. This was an action to recover possession of a promissory note. The plaintiff was the administrator of the payee of the note. The issue made by the pleadings was under an allegation on the part of the plaintiff that the title to the note was in him, and a denial of such allegation by the defendant. In the evidence it appeared that the defendant was the son of the payee of the note, and that he claimed that it had been indorsed by his mother and given to him during her lifetime. There was conflicting evidence both as to whether the indorsement appearing on the note was genuine, and as to whether the note had been given to the defendant or whether he had obtained possession of it improperly. The presiding judge charged, in substance, that the plaintiff brought the case and carried the burden of showing that he was entitled to recover. To this exception was taken on the ground that as it was conceded that the note originally belonged to the mother of the defendant, and was so recognized in the charge, the burden was upon him to show a gift. The use of the expression "burden of proof" in a dual sense, sometimes as indicating the burden of establishing the case as a whole, and sometimes as indicating the burden of the evidence during the progress of the trial,

or that certain evidence will make out a prima facie case or will serve prima facie to establish a given fact, if not rebutted, has created no little confusion. Generally the burden of proof in the sense first mentioned rests where the pleadings originally placed it. Thus, if the plaintiff alleges a right to recover, and the defendant denies his allegations, without more, the plaintiff, upon the case as a whole, carries the burden of proof, that is the burden of showing, by a preponderance of the evidence, that he is entitled to recover. If the defendant does not file a denial of the plaintiff's allegations, but admits in his pleadings a prima facie case in favor of the plaintiff, and sets up an affirmative plea, such as a plea of confession and avoidance, he assumes the burden. Civil Code (1910), § 5746. During the progress of the case, the burden of introducing evidence as to particular facts or issues may be shifted one or more times. One party may introduce evidence touching a particular fact, which would be sufficient prima facie to establish such fact, if not rebutted. In this sense, the burden may shift from one party to the other in the progress of the trial; and it is this shifting to which reference is made in the Civil Code (1910), § 5747, which declares that "what amount of evidence will change the onus or burden of proof is a question to be decided in each case by the sound discretion of the court." It certainly did not intend to lay down the rule that whether, under an affirmation and denial in pleadings, upon the entire case, one party or the other carried the burden of establishing his allegation, was a matter of discretion in every case. Claim cases or other similar issues need not be discussed.

Where the presiding judge, in an ordinary action at law, correctly charges the jury in regard to the general burden of proof, he is not required, as an essential part of his charge, to discuss the shifting of the burden of introducing evidence on special points which may arise during the progress of the case; and it will not be held error that he omits to do so. *Martin* v. *Nichols,* 127 *Ga* 705, 709 (56 S. E. 995). If a charge on such a subject would be appropriate in any particular case, it should be duly requested.

2. The plaintiff sought to show that if his intestate made a gift of a note to her son, she did not have mental capacity to do so. The court charged the jury on this subject that they should inquire whether she had sufficient mental capacity to know that the in-

strument was a note, the amount for which it called, and its value, and to know that she was parting with its value and passing the title to it to her son, and to realize the fact that so much property was going from her to him, and to have a desire and purpose as to the nature of the transaction, and its real importance, and what she was doing. There was certainly no error against the plaintiff in this charge touching the mental capacity necessary in order to make a gift. In illustrating the meaning of mental capacity and its various shades, the judge read to the jury certain sections of the civil code defining testamentary capacity. He informed them that no will was involved in the present case, and that such portions of the charge were simply illustrative, and that the question was not whether the intestate had sufficient capacity to make a will, but to make a gift. There was no error harmful to the plaintiff in so charging.

3. The judge gave in charge to the jury Civil Code (1910), § 4150, as follows: "The delivery of personal property by a parent into the exclusive possession of a child living separate from the parent shall create a presumption of a gift to the child. This presumption can be rebutted by evidence of an actual contract of lending, or from circumstances from which such a contract may be inferred." A promissory note is personal property, and this section is sufficient to cover it. *Harrell* v. *Nicholson,* 119. *Ga.* 458 (46 S. E. 632). It will be noticed that it is not every mere possession of the property of a parent by a child, or every delivery alone of such property, which will raise the presumption declared. These facts will always have evidential value on the subject of whether there was a gift; but in order to raise the presumption of a gift of personal property by a parent to a child under that section of the code, there must be a delivery of such property by the parent into the exclusive possession of a child living separate from such parent. Under the evidence, there was no error in giving this section in charge to the jury.

The decision in *Hill* v. *Sheibley,* 64 *Ga.* 529, was cited by counsel for the plaintiff in error. That case did not involve a claim of a gift of personalty by a parent to a child, which alone is dealt with in the section above quoted. Moreover, the testimony of the alleged donee was that a certain paper in the form of a receipt for money to be invested was given to him by his son, the alleged donor, "to

collect the money on." He further testified: "I can't say whether my son gave it to me for my own use, or not, as he gave it without saying anything; but I think it was his intention to give it to me for my own use." In the light of these facts, there is no conflict between the ruling now made and the statement in the headnote of that decision, that "delivery of a non-negotiable written instrument, without more, is not sufficient to prove a gift."

4. None of the other grounds of the motion for a new trial require either discussion or a reversal.

*Judgment affirmed. All the Justices concur.*