**BECKER v CINCINNATI (city)**

Ohio Appeals, 1st Dist, Hamilton Co

No 5036    Decided Nov 19, 1936

Bert H. Long, Cincinnati, and Milton M. Bloom, Cincinnati, for appellant.

John D. Ellis, City Solicitor, Cincinnati, and Francis T. Bartlett, Assistant City Solicitor, Cincinnati, for appellee.

## OPINION

By ROSS, J.

This case is presented upon an appeal on questions of law from a judgment of the Court of Common Pleas of Hamilton County, affirming a judgment of the Municipal Court of Cincinnati.

An affidavit suggesting the death of the appellant, and a motion to dismiss the appeal as a plea in abatement have been filed A motion to strike the plea in abatement has been filed by the appellant.

As a plea in abatement, the filing of the appellee is stricken from the files. As a motion to dismiss, such filing is overruled. **Williams v Englebrecht, 38 Oh St 96.**

It would not be of any service to here in this opinion express any conclusion upon the merits of the contention that this action upon retrial may or may not be abated or revived. Such an expression could at best be obiter dictum.

It is the contention of the appellant that the judgment in the Municipal Court was against the weight of the evidence.

The action was brought to recover damages for injuries received by the appellant while riding as a guest in an automobile driven eastwardly on Erie Avenue in the City of Cincinnati.

The action is predicated upon the failure of the municipality to exercise the requisite degree of care in the construction and maintenance of this public street. This is a purely statutory duty imposed by the legislature and has no predicate in any principle of the common law. The duty of the city to exercise such care is set out in §3714, GC.

The record develops that the street in question extended in a general east and west direction, that it passed across a bridge over a railroad, that just east of the bridge the paved portion of the highway narrowed on both sides of the street, that street railway tracks extending along either side of the street continued on eastwardly, and that the space between the tracks was unpaved, the rails and ties being exposed and unprotected, that there were on the outer edge of the rails boards erected such as are commonly used to indicate an obstruction. The lighting in the vicinity was to say the least limited.

The automobile approached the bridge about 7:30, P. M., on December 30, 1924. It was dark at that time. The driver caused the car to proceed directly off the bridge upon the unpaved portion of the street between the street car rails. The automobile was overturned and the appellant injured. The negligence of the driver, if any, cannot be imputed to the guest appellant. The verdict of the jury in our opinion must have been therefore based upon a finding that no negligence existed upon the part of the city in so constructing and maintaining a street. Such conclusion, we deem against the weight of the evidence.

The judgments of the Court of Common Pleas and the Municipal Court of Cincinnati are, therefore, reversed and the cause remanded through the Court of Common Pleas to the Municipal Court of Cincinnati for a new trial.

TATGENHORST, PJ, and HAMILTON, J, concur.