DECIDED JUNE 16, 1937.

*Vance Custer,* for plaintiff in error.

## 26088. JOHNSON *v.* STARR.

DECIDED MAY 15, 1937. REHEARING DENIED JUNE 18, 1937.

*McElreath, Scott, Duckworth & DuVall,* for plaintiff in error.
*Augustine Sams, Grigsby H. Wotton,* contra.

FELTON, J. J. W. Starr brought a suit for damages against W. A. Johnson alleging in substance that the defendant built an earthen dam on a stream on defendant's land; that the defendant failed to provide said dam with storm drains or ditches sufficient to carry off the sudden pressure of normal rainfall and surface water; that the dam was in the defendant's possession, custody,

and control; that the dam stopped the natural flow of said stream and caused the same to bank with a head of water and that it broke and damaged the plaintiff's land and crops. The defendant filed an answer in which he denied all the allegations of plaintiff's petition or stated that he could neither admit nor deny them; and in which he alleged that the breaking of the dam was not the proximate cause of the plaintiff's damage; that his lands were completely flooded prior to the time said dam gave way which did not occur suddenly but gradually due to unusual and unprecedented rains by reason of which rains alone the plaintiff suffered injury.

1. Exception is taken to a portion of the court's charge to the effect that the duty rested on the defendant to maintain and operate a dam with strength sufficient to resist both ordinary floods and great freshets. While we might not consider this charge alone harmful enough to warrant the grant of a new trial we think it was confusing and misleading, in that it should have been made clear that the great freshets referred to were such as might have been reasonably anticipated.

2. The court charged the jury that the burden of proof was on the defendant to establish that the rain was of such a character that no amount of foresight, pains or care, "reasonable to have been expected," would have prevented the dam from being broken. Exception is taken to this portion of the charge on the ground that it placed the burden of proving non-negligence on the defendant. We think this exception is well taken. The charge of negligence in the petition amounts to a charge that the dam was insufficient to hold the normal rain and surface water. The burden of proof was on the plaintiff to sustain this allegation, and to do so it was incumbent on him to negative the idea that an abnormal or unprecedented rain caused the break. Even if the rule of res ipsa loquitur had been applied, the burden of proof would not have been shifted to the defendant. *Evans* v. *Sears,* 49 *Ga. App.* 744 (9) (176 S. E. 843) ; *Chenall* v. *Palmer Brick Co.,* 117 *Ga.* 106 (43 S. E. 443) ; *Toney* v. *Macon,* 119 *Ga.* 83 (46 S. E. 80). The burden of proving negligence is on the party affirming it. Code, § 38-103. The plea in this case did not admit a prima facie case, and it is not a case where the law puts the burden on the defend-

ant upon plaintiff's proof of loss or damage. The case was close on its facts, and it was error for the court to charge as aforesaid. There is no merit in any of the other assignments of error. *Judgment reversed. Stephens, P. J., and Sutton, J., concur.*