**MILLER v DAYTON (city)**

**HARDENBROOK v DAYTON (city)**

Ohio Appeals, 2nd Dist, Montgomery Co

Nos 1701, 1702. Decided Dec 4, 1941

C. W. Elliott, Middletown, for plaintiff-appellant.

Herbert S Beane, City Attorney, Dayton; M. J. Gilbert and Joseph P. Duffy, Asst. City Attorneys, Dayton, for defendant-appellee.

## OPINION

By HORNBECK, J.

Appeals on questions of law are prosecuted by plaintiffs from judgments dis-

missing their second amended petitions. General demurrers were interposed to both amended petitions which were sustained and plaintiffs electing to plead no further the amended petitions were dismissed.

The facts set out in the respective petitions arose from the same accident in which both plaintiffs, riding as guests of the driver of an automobile, were injured when the automobile collided with a pole in a street and the actions are for damages for personal injuries sustained.

We quote so much of the petitions as is necessary to an appreciation of the question presented.

"Ludlow Street is, and at all times herein mentioned was, a public thoroughfare in the City of Dayton extending in a Northerly and Southerly direction and terminated at its Southern end by intersection with a street in the City of Dayton known as Patterson Boulevard, which is, and at all times herein mentioned was, a public thoroughfare in the City of Dayton extending in a Northeasterly and Southwesterly direction.

The West line of Patterson Boulevard South of said intersection is, and at all times herein mentioned was, approximately a continuation of the West line of Ludlow Street North of said intersection.

Both of said streets are paved with a hard surface material except that approximately in the center of Patterson Boulevard South of the intersection there was a narrow strip of sod.

On the 4th day of August, 1937, and for a long time theretofore, the defendant had negligently and carelessly permitted that portion of Patterson Boulevard immediately South of said intersection to be obstructed by a pole constructed by and solely used by a private corporation for its own purpose, situated near the center of said sod and at the north end thereof, and had negligently and carelessly suffered said pole to be and remain of a dark or dull color and had failed and neglected to erect or cause to be erected any light, sign or warning of any kind indicating the existence of said obstruction in the street.

Said pole and its color and want of lights, signs or other warning, had been in existence at the point described above for many months and all of said circumstances were well known to the defendant on and for a long time before the 4th day of August, 1937.

On the 4th day of August, 1937, at about nine o'clock P. M., it being then dark, plaintiff was riding in an automobile as a guest of the driver, Southwardly on Ludlow Street and into and Southwardly on Patterson Boulevard.

By reason of the aforesaid location of said pole and of the color thereof, and of the absence of any light, sign or other warning, it was concealed from the driver of said automobile; he could not see it, and the automobile collided with said pole and plaintiff incurred the following injuries:" which are set forth.

The sole question presented is whether or not the respective petitions state a cause of action. This question must be answered by applying this test: Do the operative facts pleaded constitute a charge that the defendant maintained a nuisance as contemplated by §3714 GC; Was the creation of this nuisance a proximate cause of injuries to the plaintiffs?

Counsel for both parties cite and comment upon the following cases:

City of Hamilton v Dilly, 120 Oh St 127.

Mossman v Cincinnati, 10 OO 335.

Yackee v Village of Napoleon, 135 Oh St 344; 14 OO 231.

City of Springfield v McDaniel, 45 Oh Ap 87.

Becker v Cincinnati, 24 Abs 695.

We have been favored with the decisions of the judge who passed upon the demurrers and from them we learn that the court was of opinion that the petition was defective in that it did not allege that the defendant did not exercise reasonable care in the construction and maintenance of the street,

keeping it in a reasonably safe condition for travel in the ordinary mode; that there was no averment that the pole in the street was a nuisance and that it being obvious that the pole was of substantial size, it could readily have been seen and that there was no averment that it was hidden.

It is well recognized that one may not plead legal conclusions but must set forth factual averments from which it appears that there has been a violation of legal rights. So that, to state that a given set of facts constitute a nuisance or create a dangerous condition is objectionable pleading and adds nothing whatever to the force and effect of the facts which are pleaded.

It is the obligation of the defendant municipal corporation to keep its streets open, in repair, and free from nuisance. §3714 GC. Here it is the claim of the plaintiff that the defendant, with knowledge, permitted the maintenance of a nuisance in its streets. Succinctly, the petition sets forth that the collision occurred in the night season; that the defendant permitted a private corporation to erect and maintain an unlighted pole in the center of one of the streets within the corporation; that the pole was dark and of a dull color, the size of the pole is not stated but it may be presumed that it was within the ordinary dimensions of such a pole, and that there were no warning signs or devices about it to indicate its presence in the street and that because of this condition the motorist who was driving the car in which the plaintiff was riding could not see the pole. In our judgment, the inference to be drawn from these pleaded facts is that the situation thus created was a nuisance.

An actionable nuisance is defined by Mr. Cooley, in his work on Torts, "to be anything wrongfully done or permitted which injures or annoys another in the enjoyment of his legal rights". 30 O. Jur. 300, C. H. & D. R. Company v Carr, 38 Oh St 448.

It is conceded that there is no suggestion of contributory negligence on the part of the plaintiff and this is the only act of the plaintiff which will prevent her recovery provided she establishes by requisite proof that the defendant created a nuisance which was a proximate cause of her injuries.

It is the theory of counsel for the defendant that it appears from the amended petition that the cause of plaintiff's injuries was the sole negligence of the driver of the automobile in which plaintiff was riding. To establish this claim, we are referred to §6310-1 GC which requires an automobile in the night season to be equipped with lights which will disclose "any substantial object upon the roadway straight ahead of the motor vehicle for a distance of at least 200 feet", and §12603 GC making it unlawful to operate a motor vehicle "at a greater speed than will permit the motorist to bring it to a stop within the assured clear distance ahead", and from these statutes and cases which have construed them, it is urged that the cause of the collision of the motorist with the pole in this case was the result of the sole negligence of the plaintiff's driver.

Sole negligence of a third party, of course, is a complete defense against liability of a defendant in a personal injury suit. It is not an affirmative defense and may be raised by a general denial. It is obvious that, if a general denial to a petition is required, that petition states a cause of action.

The difficulty with the claim of defendant is that to support it we are required to say as a matter of law that upon the averments of the petition, the negligence of the driver of plaintiff's automobile appears and that this negligence was the sole proximate cause of plaintiff's injuries. This could not be done even as against the driver of the plaintiff's car, if he was the plaintiff, because negligence is never presumed and notwithstanding the strictness with which our Supreme Court has construed and applied §12603 GC, it may

not be said that merely because a driver collides with an object in the highway that he has violated the assured clear distance ahead statute. The driver' knowledge, actual or imputed, of the dangerous condition in the street might preclude his maintaining a cause of action but it does not at all affect the question whether or not the pole in the street, under the facts pleaded, was a nuisance.

If the negligence of the plaintiff's driver may be inferred from any averment in the petition, by the unbroken authority in Ohio, it can not be imputed to the plaintiff. There is no principle more definitely established. In 20 O. Jur. 587, it is said, "The Courts, at times, have been quite vigorous in their denial of this doctrine.", namely, that of imputed negligence.

"It is declared that whatever the rule may be in other states, it is settled in Ohio by repeated decisions of the Supreme Court, that the independent negligence of one person is not imputable to another person."

Citing numerous Supreme Court decisions which it is not necessary for us to cite.

In our judgment support for the overruling of the demurrer in this case is found in **Hamilton v Dilley, 120 Oh St 127,** wherein it is recognized that §3714 GC requiring a municipality "to keep its streets free from nuisance is an exception to the rule of common law that no liability attaches to a municipality for negligence in the discharge of a governmental function", and that, "It is the province of the court to define a nuisance and the province of a jury to determine whether the circumstances of the particular case come within the definition of a nuisance." In this case the court had under consideration whether or not under the facts there appearing, an unlighted platform designed to aid passengers boarding street cars and for their safety, constituted a nuisance. The court refused to disturb a verdict in behalf of the plaintiff. This decision has not been overruled, modified or criticized by the Supreme Court. Nor does it appear that there has been any such development in the erection of safety traffic platforms as will preclude the determination that in no situation may they constitute a nuisance, as is suggested by Chief Justice Marshall in the opinion in Hamilton v Dilley at page 132. **City of Cleveland v Gustafson, 124 Oh St 607** recognizes the authority of cities to reasonably obstruct a highway, if it is necessary so to do to make it safe.

The instant case certainly is not so restricted in its facts favorable to the plaintiff as were the operative facts in Hamilton v Dilley, because it can not be said that the maintenance of a pole in the center of a street for the use and purposes of a private corporation may be classified as a safety device at all alike to a platform erected in a safety zone for the convenience and protection of street car passengers.

The late case of **Yackee, Admr. v Village of Napoleon et, 135 Oh St 344, 14 OO 231,** and particularly the 5th syllabus, supports and strengthens the judgment in Hamilton v Dilley, supra.

The trial court, no doubt, relied upon **Mossman v Cincinnati, 10 OO 335** as does appellee in this court. Motion to certify this judgment was overruled in the Supreme Court. We shall not undertake at length to analyze the facts in this case but are satisfied to say that the claim of the plaintiff, who was riding in her father's automobile, was based upon the maintenance of a nuisance at a safety zone in a street. It was not decided as upon general demurrer to the petition but after the court had the benefit of full development of the facts. We have considerable trouble in following the logic of the opinion in all particulars and realize that the trial judge in the instant case might well have sustained the demurrer upon the general pronouncement of the Mossman case. The fifth syllabus to the effect that one who travels in violation of the law can not be regarded as travelling in the ordinary mode, if sound, could not be given

application to the instant situation because we would have to assume that the plaintiff's driver was violating the law when he collided with the post in the street.

Counsel for appellee cites **City of Springfield v McDaniel, 45 Oh Ap 87,** wherein this court supported a verdict and judgment on behalf of the plaintiff for injuries suffered as a result of a collision of an automobile, in which she was a passenger, with a bridge girder on a street in the city of Springfield. There was no claim in that case that the negligence of the driver of the automobile in anywise affected the ultimate question whether or not the situation complained of constituted a nuisance.

The amended petition states a cause of action and the general demurrer thereto should have been overruled. The judgment will, therefore, be reversed and cause remanded with instructions to overrule defendant's demurrer to the amended petition.

GEIGER, PJ. and BARNES, J, concur.