31598. McKEMIE, administratrix, *v.* McKEMIE.

DECIDED DECEMBER 1, 1947.

*Durwood T. Pye,* for plaintiff in error.

*Heyman, Howell & Heyman, John I. Hynds,* contra.

MacINTYRE, P. J. Here the widow is the plaintiff seeking in this proceeding to recover the portion of the estate of her deceased husband in the hands of the administratrix to which she is entitled. Hence, the burden of proof is upon the widow to show that she is entitled to have such property set apart as a year's support out of such estate. On such issue between the widow and the administratrix of such estate, unless the widow introduces evidence showing her right to such property, the administratrix should prevail, but if, as here, the widow

introduces in evidence the return of the appraisers setting aside such property, nothing else appearing, the widow, having made out a prima facie case, would be entitled to recover. If thereupon the caveatrix introduces evidence which satisfies the minds of the jurors by a preponderance of the evidence that the caveatrix has sustained her objections stated in the caveat, then it would be the duty of the jury to set aside such return as made by the appraisers. *Anderson* v. *Caldwell, 66 Ga. App.* 703 (3) (19 S. E. 2d, 202); *Cheney* v. *Cheney, 73 Ga.* 66.

If the caveat filed by Kittie McKemie be an adverse claim. by her individually as a creditor or distributee, to the property, or some of the property set apart as a year's support to the widow by the return of the appraisers appointed for such purpose, then, on this issue, the burden of proof is on Kittie McKemie to sustain her adverse claim. *Anderson* v. *Caldwell,* supra; *Robson* v. *Harris, 82 Ga.* 153 (7 S. E. 926). Thus, in the instant case, whether the caveat was filed by Kittie McKemie in her individual capacity as creditor or distributee, or in her capacity as administratrix of such estate, when the widow introduced in evidence the return of the appraisers, she made out a prima facie case, and at this stage of the proceeding whether Kittie McKemie, the caveatrix, was proceeding in her capacity of administratrix or individually, or both, the burden was upon Kittie McKemie to show by a preponderance of the evidence that the return of the appraisers should be set aside for the reasons stated in the caveat. This was the effect of the charge of the trial judge, and in so charging he did not commit reversible error. *Hill* v. *Hill, 55 Ga. App.* 500, 504 (190 S. E. 411).

The judge. charged the jury as follows: "Under the law, gentlemen, the return of the appraisers is prima facie evidence that the widow is entitled to the year's support set out in the return, *and the burden of proof is upon the caveatrix in this case to satisfy your minds by a preponderance of the testimony that the return is excessive and for any reason set up in the caveat should be set aside.* And, it would be the duty of the jury to find for the caveatrix and sustain her caveat, and set aside the return, provided the caveatrix proved to your satisfaction by a preponderance of the testimony that her contentions are true. . . And it is for you to say whether or not these objections

[in the caveat] have been sustained by the preponderance of the testimony. If they have not been sustained by a preponderance of the testimony then you should find for the return as made by the appraisers. If you should find that the caveatrix has sustained her objections by a preponderance of the testimony, then it would be your duty to set aside the return as made by the appraisers, and then it would be your duty to set up such amount or amounts and such furniture as you believe the widow would be entitled to as a year's support."

The defendant objects to this portion of the charge on the following grounds: "Said charge is assigned as error upon the ground that while it correctly placed the burden of proof upon caveatrix as an individual, it was error as applied to caveatrix as temporary administratrix of the estate of W. J. McKemie, movant contending that as to the caveat of her as temporary administratrix, the burden of proof was upon the widow and applicant for year's support. Movant further assigns said charge as error in that it was confusing to the jury, and misleading to them, for that such charge does not make any distinction between the burden of proof as it relates to the caveat of caveatrix as an individual, and as it relates to the caveat of caveatrix as said temporary administratrix."

In *Hawkins* v. *Davie*, 136 *Ga.* 550, 551 (71 S. E. 873), it is said: "The use of the expression 'burden of proof' in a dual sense, sometimes as indicating the burden of establishing the case as a whole, and sometimes as indicating the burden of the evidence during the progress of the trial, or that certain evidence will make out a prima facie case or will serve prima facie to establish a given fact, if not rebutted, has created no little confusion."

It is evident that the expression "burden of proof" as used in the italicized excerpt of the above quoted charge was used in one of the dual senses referred to in the *Hawkins* case, supra, as indicating the "burden of evidence" for the judge in his charge had immediately preceded this expression, "burden of proof," with the instruction that certain evidence will make out a prima facie case. This expression, according to the *Hawkins* case, supra, is another dual expression used in the sense of "burden of evidence." The meaning of these two expressions is made

plain by their context, and we think they were not misconstrued and were not calculated to mislead the jury as to what the true law is as contended by the defendant.

The excerpt objected to in ground six of the motion for new trial was not erroneous on the ground that it was not authorized by the evidence. The matters alleged to have been erroneously omitted from the charge were merely elaborations of the instructions actually given on the substantial and controlling issues in so far as such matter bore on the right of the caveatrix to prevail or defeat the year's support, and' if more specific instructions on any point were desired, they should have been requested. *West* v. *State*, 74 *Ga. App.* 453, 459 (40 S. E. 2d, 156); *Central Railroad* v. *Harris*, 76 *Ga.* 501, 511; *Byrd* v. *Grace*, 43 *Ga. App.* 255 (9) (158 S. E. 467).

This rule is applicable to each and every assignment of error upon the mere failure to give additional or more specific instructions in the instant case.

The verdict was authorized by the evidence.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*