33281.   ATLANTIC COAST LINE R. CO. *v.* THOMAS.

Decided March 14, 1951.

*Bennett, Pedrick & Bennett, Wilson G. Pedrick,* for plaintiff in error.

*E. O. Blalock, Blalock & Blalock,* contra.

MacINTYRE, P. J.   C. M. Thomas brought suit in the Superior Court of Ware County, Georgia, against W. J. Wolfe, doing business as Lucky Cab Company, and Atlantic Coast Line Railroad Company to recover damages for injuries alleged to have been sustained by him when a taxicab of the defendant Wolfe, in which he was riding as a passenger, and a train of the defendant railroad collided at a public crossing in the City of Waycross, Georgia.  It was alleged that the defendant Wolfe was negligent as follows:   (a) In driving the taxicab over the tracks when the train was approaching; (b) in failing to see such train approaching; (c) in failing to stop, look and listen before driving the taxicab upon the crossing; (d) in failing to detect the presence of the train in time to prevent the collision; (e) in colliding with the train; (f) in failing to keep the taxicab under such control as to prevent the collision; (g) in failing to exercise extraordinary diligence to prevent such collision; (h) in failing to keep a careful and diligent lookout ahead; (i) in talking to a girl on the front seat of the taxicab while it was approaching the crossing; (j) in going upon the tracks at a speed of at least 25 miles an hour, which speed was greater than was reasonable and safe under the conditions existing at the time and place.  The following acts of negligence were charged against the defendant railroad:   (a) In operating the train over the crossing at a speed of at least 35 miles an hour, which speed was greater than was reasonable and safe under the conditions existing at the time and place; (b) the engineer of the locomotive of the train and the agents and servants of the railroad in charge of the train failed to give warning of the approach of the train to the crossing by constantly tolling the bell of the locomotive, contrary to the statutes of the State of Georgia; (c) the engineer on the locomotive of the train and the agents and servants of the railroad in charge of the train failed to keep and maintain a constant and vigilant lookout along the track ahead of the engine while moving within the corporate limits of the

City of Waycross, contrary to the statutes of the State of Georgia; (d) the engineer on the locomotive of the train failed to check the speed of the train as it approached the crossing; (e) the agents and servants of the railroad in charge of the train failed to give any warning, by tolling the bell or otherwise, of the approach of the train to the crossing; (f) the engineer and fireman on the train failed to check the speed of the train by application of the brakes when they saw, or in the exercise of ordinary diligence should have seen, the taxicab approaching the crossing in front of the train; (g) in permitting a filling station and evergreen trees and shrubbery to be upon its right-of-way at the place described in the petition, thereby obstructing the view of a train traveling north to an automobile approaching the crossing from the west, as was the taxicab, and of an automobile so approaching the crossing; (h) in failing to maintain at the crossing a watchman or any signal device to warn persons of the approach of trains. The joint and concurring negligence of the two defendants was alleged to be the proximate cause of the plaintiff's injury and damage.

Each of the defendants answered denying liability and each contended that the negligence of the other was the proximate cause of the injury. The jury returned a verdict for the plaintiff against both defendants in the sum of $45,925. The railroad's amended motion for new trial was overruled, and the exception here is to that judgment.

Special ground 4 complains that the court erred in charging the jury as follows: "When the case opened, the burden of proof rested on the plaintiff to show by a preponderance of the evidence the essential allegations of his petition. If the plaintiff carries this burden, he has made out a prima facie case and would be entitled to recover, unless the defendants make good their defense." Special ground 5 complains of the following charge of the court: "The burden rests on the plaintiff at the opening of the case to prove by a preponderance of the evidence, first, that the defendants were negligent in a least some of the particulars set out in his petition, and, second, that such negligence was the proximate cause of the injury complained of. If the plaintiff establishes both of these contentions by a preponderance of the evidence he has made out a prima facie case

of liability against the defendants, and the burden is shifted to the defendants to make good their defense." The exceptions common to both grounds are in substance as follows: (a) The charge placed upon the railroad the burden of proving conclusively that the plaintiff's injuries resulted solely from the negligence of the other defendant or did not result from any negligence of the railroad, whereas the burden was on the plaintiff throughout the entire trial to prove his case by a preponderance of the evidence; (b) the expression "make good their defense" was misleading and confusing to the jury, in that it did not distinguish between the two defendants and their separate defenses and was calculated to cause the jury to believe that unless each made good his defense the plaintiff could recover against both. These grounds involve the same questions and may be considered together.

Since much confusion seems to exist respecting the burden of proof and burden of evidence, it may be profitable to here set forth the law in considerable detail. The Code, § 38-103, provides: "The burden of proof generally lies upon the party asserting or affirming a fact and to the existence of whose case or defense the proof of such fact is essential. If a negation or negative affirmation be so essential, the proof of such negative lies on the party so affirming it." The Code, § 38-104, provides: "What amount of evidence will change the onus or burden of proof is a question to be decided in each case by the sound discretion of the court." The last named provision, while employing the language "burden of proof," has been construed to refer to the burden of evidence. *Hawkins* v. *Davie*, 136 *Ga.* 550 (71 S. E. 873). In *Hyer* v. *Holmes*, 12 *Ga. App.* 837 (3) (79 S. E. 58), it was held: "The position of the 'burden of proof' is determined by the pleadings, and as to this the burden of proof is unchanging; once imposed it remains. But the burden of testimony may be shifted and alternate between the parties according to the contingencies and crises of the trial." In *Hawkins* v. *Davie*, supra, it was said: "The use of the expression 'burden of proof' in a dual sense, sometimes as indicating the burden of establishing the case as a whole, and sometimes as indicating the burden of the evidence during the progress of the trial, or that certain evidence will make out a prima facie case or will

serve prima facie to establish a given fact, if not rebutted, has created no little confusion. Generally the burden of proof in the sense first mentioned rests where the pleadings originally placed it. Thus, if the plaintiff alleges a right to recover, and the defendant denies his allegations, without more, the plaintiff, upon the case as a whole, carries the burden of proof, that is the burden of showing, by a preponderance of the evidence, that he is entitled to recover. If the defendant does not file a denial of the plaintiff's allegations, but admits in his pleadings a prima facie case in favor of the plaintiff, and sets up an affirmative plea, such as a plea of confession and avoidance, he assumes the burden. Civil Code (1910), § 5746 [Code § 38-103]. During the progress of the case, the burden of introducing evidence as to particular facts or issues may be shifted one or more times. One party may introduce evidence touching a particular fact, which would be sufficient prima facie to establish such fact, if not rebutted. In this sense, the burden may shift from one party to the other in the progress of the trial; and it is this shifting to which reference is made in the Civil Code (1910), § 5747 [Code, § 38-104], which declares that 'what amount of evidence will change the onus or burden of proof is a question to be decided in each case by the sound discretion of the court.' It certainly did not intend to lay down the rule that whether, under an affirmation and denial in pleadings, upon the entire case, one party or the other carried the burden of establishing his allegation, was a matter of discretion in every case. Claim cases or other similar issues need not be discussed." It is clear from the above that the court was not sanctioning the use of the words "burden of proof" in a dual sense, but was deploring it, and that it took care to point out that only the burden of *evidence* shifted, and that it was the burden of evidence, and not the burden of proof, that was meant to be referred to in what is now Code, § 38-104.

In an action against a railroad for damages because of injury sustained by the running of its train there exists a rule of evidence in favor of the plaintiff in the beginning of his case which does not apply against defendants in general. This provision is found in the Code, § 94-1108, and is as follows: "In all actions against railroad companies for damages done to persons or

property, proof of injury inflicted by the running of locomotives or cars of such companies shall be prima facie evidence of the want of reasonable skill and care on the part of the servants of the companies in reference to such injury." It is not, however, to be taken as affording as broad a presumption as was contained in § 2780 of the Code of 1910, referred to in some decisions prior to 1929, and which was as follows: "A railroad company shall be liable for any damages done to persons, stock, or other property by the running of the locomotives, or cars, or other machinery of such company, or for damage done by any person in the employment and service of such company, unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the company." In Western & Atlantic R. Co. v. Henderson, 279 U. S. 639 (49 Sup. Ct. 445, 73 L. ed. 884), this provision was declared to be unconstitutional as violative of the due process clause of the 14th amendment to the Federal Constitution. In that case counsel for the appellee relied upon Mobile, J. & K. C. R. Co. v. Turnipseed, 219 U. S. 35 (31 Sup. Ct. 136, 55 L. ed. 78), which involved a Mississippi statute in the same language as appears in § 94-1108 of our present Code. In the Turnipseed case the Supreme Court had held that the statute was not violative of the due process clause of the 14th amendment to the Federal Constitution, saying that "The only legal effect of this inference is to cast upon the railroad company the duty of producing some evidence to the contrary. When that is done, the presumption is at an end, and the question of negligence is one for the jury upon all of the evidence." In the Henderson case the Supreme Court of the United States held that whereas the Mississippi statute created merely a temporary inference of fact which vanished upon the introduction of opposing evidence, the Georgia statute created an inference which would prevail unless the opposing evidence should be found by the jury to preponderate, and that such latter statute was unconstitutional as stated. In consequence of the decision in the Henderson case the provision now appearing in our Code as § 94-1108 was enacted by the act of 1929 (Ga. L. 1929, p. 151).

We have here contrasted the two sections so that it will be

.clearly understood that cases decided before 1929 are of no benefit in determining where the burden of proof rests after the plaintiff has made out a prima facie case. In a non-railroad case the plaintiff must make out a prima facie case by showing injury and introducing evidence in support of the allegations of negligence. Against a railroad company, however, where an injury has occurred by the running of a train and the facts as to the cause are not known to the plaintiff, he may make out a prima facie case, under the Code, § 94-1108, by showing such injury by the running of the train and contenting himself with the aid of the presumptive statute as to negligence on the part of the railroad through its servants. In most cases the knowledge of the manner in which an injury or homicide by the running of a train occurs is not confined to the railroad, and the plaintiff in such a given case particularizes various acts of negligence on the part of the railroad through its servants. In making out a prima facie case by evidence as to the various acts of alleged negligence he forces the railroad to produce *some* evidence as to each alleged act of negligence in order to avoid the effect of a prima facie case. When the railroad offers opposing evidence as to each act of alleged negligence the statutory presumption immediately vanishes, and the plaintiff must go forward with the evidence if any more is needed to establish a preponderance of the evidence. He does this, not because the burden of *proof* has been shifted to him, since such a burden never left him from the beginning of the case, but because the burden of *evidence* was shifted back to him. See *Seaboard Air-Line Ry. Co. v. Fountain,* 173 *Ga.* 593 (160 S. E. 789); *Central of Ga. Ry. Co. v. Cooper,* 45 *Ga. App.* 806 (165 S. E. 858); *Georgia Power Co. v. Braswell,* 48 *Ga. App.* 654 (173 S. E. 763); *Parrish v. Southwestern Railroad Co.,* 57 *Ga. App.* 847 (197 S. E. 66); *Macon, Dublin & Sav. R. Co. v. Stephens,* 66 *Ga. App.* 636 (19 S. E. 2d, 32); *James v. Powell,* 71 *Ga. App.* 202, 203 (30 S. E. 2d, 446). The case then stands as to burden of proof and burden of evidence no differently from a case against a non-railroad defendant. The burden still rested upon the plaintiff to establish his right to recover by a preponderance of the evidence as the case progressed, the jury not being required to examine the cumulated evidence at any particular juncture so as

to fix any new burden of proof, since that is fixed by the pleadings, but to determine from all of the evidence at the conclusion of its introduction where the preponderance lies. *Courson* v. *Pearson*, 132 *Ga.* 698 (64 S. E. 997); *Mobley* v. *Lyon*, 134 *Ga.* 125 (67 S. E. 668); *Southern Railway Co.* v. *Fleming*, 141 *Ga.* 69 (80 S. E. 325); *Pope* v. *Peeples*, 24 *Ga. App.* 467 (5) (101 S. E. 303); *Johnson* v. *Starr*, 55 *Ga. App.* 876 (191 S. E. 874). Of course, where a defendant asserts an affirmative *defense* the burden of proof would be on him to establish the pleaded facts.

From the above it will be seen that the court erred in the instructions complained of. It incorrectly told the jury that when the plaintiff makes out a prima facie case the burden of *proof* shifts to the defendant. The charge required the railroad, not merely to introduce *some* evidence contrary to the acts of negligence testified to on behalf of the plaintiff, but to establish absolutely, to "make good," as under the old section 2780, that the railroad, through its servants, exercised ordinary care and diligence, and to sustain its contention that the sole proximate cause of the plaintiff's injury was the negligence of the taxicab driver. The error was not cured, as insisted by counsel for the defendant in error, by the subsequent charge "If the plaintiff fails to establish both these contentions, that is, the negligence and that such negligence was the proximate cause of the injury complained of, if he fails to establish both of these contentions by a preponderance of the evidence, he can not recover at all." This excerpt assumes a situation where the plaintiff fails to make out a prima facie case and correctly states that in that event he can not recover, but it can not be said that it removed or cured the error involved in the excerpts, because they assumed a situation where the plaintiff *does* make out a prima facie case and erroneously informed the jury in effect that in such circumstances the burden of proof shifted to the defendant.

Counsel for the defendant in error also insists that the jury could not reasonably be said to have been misled, because, they assert, the court really was referring to the shifting of the evidence, and they cite and rely upon *McKemie* v. *McKemie*, 76 *Ga. App.* 212 (45 S. E. 2d, 456). In that case the court charged: "Under the law, gentlemen, the return of the appraisers is prima facie evidence that the widow is entitled to the year's support

set out in the return, *and the burden of proof is upon the caveatrix in this case to satisfy your minds by a preponderance of the testimony that the return is excessive and for any reason set up in the caveat should be set aside.* And, it would be the duty of the jury to find for the caveatrix and sustain her caveat, and set aside the return, provided the caveatrix proved to your satisfaction by a preponderance of the testimony that her contentions are true. . . And it is for you to say whether or not these objections [in the caveat] have been sustained by the preponderance of the testimony. If they have not been sustained by a preponderance of the testimony then you should find for the return as made by the appraisers. If you should find that the caveatrix has sustained her objections by a preponderance of the testimony, then it would be your duty to set aside the return as made by the appraisers, and then it would be your duty to set up such amount or amounts and such furniture as you believe the widow would be entitled to as a year's support." See, in this connection, *New York Life Ins. Co.* v. *Willingham,* 53 *Ga. App.* 28 (184 S. E. 755). In the *McKemie* case this court said: "It is evident that the expression 'burden of proof' as used in the italicized excerpt of the above quoted charge was used in one of the dual senses referred to in the *Hawkins* case, supra [*Hawkins* v. *Davie,* 136 *Ga.* 550, 551], as indicating the 'burden of evidence' for the judge in his charge had immediately preceded this expression, 'burden of proof,' with the instruction that certain evidence will make out a prima facie case. This expression, according to the *Hawkins* case, supra, is another dual expression used in the sense of 'burden of evidence.' The meaning of these two expressions is made plain by their context, and we think they were not misconstrued and were not calculated to mislead the jury as to what the true law is as contended by the defendant." That case is distinguishable. It can not safely be said in the present instance that in its context the words 'burden of proof' meant burden of evidence and that it did not mislead the jury.

It is further urged by the defendant in error that the plea of the railroad, that the sole proximate cause of the plaintiff's injury was the gross negligence of the taxicab driver in entering upon the tracks with the train approaching, was an affirmative

defense, and under the Code, § 38-103, cast the burden upon the railroad to sustain it. The weakness of the contention here is that the matter pleaded is not new matter and an affirmative defense, but is such that may be set up under a general denial of an asserted cause of action. As well stated by Judge Gaynor in Carter v. Eighth Ward Bank, 67 N. Y. Supp. 300, 303, "Suffice it to say that what the Code calls a 'defence' in pleading, and which we sometimes call an affirmative defence, can, by the express words of the Code, consist only of new matter constituting a defence, i. e., new matter which, assuming the complaint to be true, constitutes a defence to it." In the present case the railroad sets up no new matter, but merely pleads that the sole and proximate cause of the plaintiff's injury was the negligence of the taxicab driver in going upon the crossing with the train approaching. A plea or answer setting up facts as the sole and proximate cause of an injury has been many times held not to be an affirmative defense, and we know of no contrary ruling in this State. See Miller v. City of Dayton, 70 Ohio App. 143 (41 N. E. 2d, 728); Smith v. Kansas City Public Service Co., 328 Mo. 979 (43 S. W. 2d, 548); Geisendorf v. Brashear Truck Co., (Mo.) 54 S. W. 2d, 72, 73; Long v. Mild, 347 Mo. 1002 (149 S. W. 2d, 853); Easterly v. American Institute of Steel Construction, 349 Mo. 604 (162 S. W. 2d, 825). In 65 C. J. S. 932, § 198, in referring to a charge that the plaintiff's negligence was the sole cause of his injury it was said: "It is more than a denial that plaintiff was at fault; it is a direct negation of the cause of action, and is in effect nothing more than a general denial or a raising of the general issue." Counsel for the defendant in error rely upon Stewart v. Mynatt, 135 Ga. 637 (70 S. E. 325). In that case the plaintiff had been injured while skating in a rink operated by the defendants, three other skaters while abreast and intoxicated running into her deliberately and causing described injuries as alleged in the petition. The defendants not only denied the material allegations of the petition, but set up that the plaintiff's injuries, if any, were caused by her own negligence. Holding that the facts set up by the defendants constituted an affirmative defense, the Supreme Court ruled that under the provisions of the Code, now § 38-103, the burden rested upon the defendants, after the plaintiff had made

out a prima facie case, to sustain their plea by a preponderance of the evidence. While the report of the case does not so state the facts in detail, the record in the office of the clerk of the Supreme Court discloses that what the court called an affirmative defense was a plea in which the defendants set up new matter, to wit, that the skating rink was an immense one, that thousands of persons were accustomed to skate there, as was true on the night in question, that the defendants had no right to control the movements of the skaters or their conduct on the floor, and that it was apparent to the plaintiff and all other skaters that if they had such right it could not be exercised because of the great risk and the rapidly moving crowd of skaters, that they had posted a sign that they were not liable for accidents to skaters, that those using skates did so at their own risk, and ' that the plaintiff had full notice of such sign and voluntarily assumed all risks, including collision with other skaters. It will thus be seen that from the new matter of the plea the court properly construed it as an affirmative defense and on this theory held that the burden was on the defendants to sustain it by a preponderance of the evidence after the plaintiff had made out a prima facie case. It does not follow that the decision on its facts is authority for holding that the railroad here set up an affirmative defense, but assuming, though not conceding, that it did, the burden of proof of the railroad should have been limited to that extent.

■ Special ground 6 of the motion for new trial complains of the following charge of the court: "If the plaintiff fails to establish both of these contentions, that is, the negligence and that such negligence was the proximate cause of the injury complained of, if he fails to establish both of these contentions by a preponderance of the evidence, he can not recover at all." This excerpt followed one in which the court referred to recovery against both defendants. It is contended that the charge implied that recovery would be defeated only if ·the plaintiff failed to establish the two contentions, whereas under the law he would not be entitled to recover if the plaintiff failed to establish either contention by a preponderance of the evidence. The objection is well taken. While the charge may be defended in a narrow literal sense, it was calculated to confuse and mis-

lead the jury and was harmful error. It would have been more exact not to charge in a negative way as here, but to state affirmatively that "In order for the plaintiff to recover against both defendants, he must establish by a preponderance of the evidence that each was negligent in at least one of the particular acts of negligence charged against him, and that such negligence concurred as the proximate cause of the plaintiff's injury." It could not be said that the error was cured by a subsequent charge that if the jury found that the railroad was negligent and that such negligence was the proximate cause of the plaintiff's injury a verdict should be returned against the railroad. The jury should not be left to decide between two conflicts in the entire charge when in the latter charge attention is not specifically called to the error in the former and the jury properly instructed. *Morrison* v. *Dickey,* 119 *Ga.* 698 (2) (46 S. E. 863); *Strickland* v. *Davis,* 184 *Ga.* 76, 80 (190 S. E. 586); *Kelly* v. *Locke,* 186 *Ga.* 620, 627 (198 S. E. 754); *Securities Investment Co.* v. *Jett,* 59 *Ga. App.* 418 (1 S. E. 2d, 69). This is not a case where, as shown by cases cited by the defendant in error, one incomplete or inaccurate charge is made clear when read together with another charge, but is an instance where the two excerpts can not be read together and composed but remain antagonistic. To make certain that the jury would apply the latter charge to the exclusion of the former it would manifestly have been necessary to expressly explain away the erroneous implications of the first.

■ Special ground 7 complains that the court erred in charging the jury as follows: "If you should believe that the plaintiff suffered injury, as alleged, and that the same was due to the negligence of the defendants, or either of them, as alleged, and the plaintiff could not have prevented the same by the exercise of ordinary care on his part, he would be entitled to recover on account of the damage sustained." It is contended that the charge was confusing and misleading to the jury and harmful error, in that it did not limit recovery under the supposed circumstances to the negligent defendant. Whatever qualification might have been needed was supplied and the deficiency cured by the subsequent charge as follows: "If you find that defendant Atlantic Coast Line Railroad Company was

not negligent as charged, and if you find by a preponderance of the evidence that defendant, W. J. Wolfe, doing business as Lucky Cab Company, was negligent as charged, and that such negligence was the proximate cause of plaintiff's injury, if any, then you would find a verdict in favor of defendant Atlantic Coast Line Railroad Company, and in favor of the plaintiff against defendant W. J. Wolfe, doing business as Lucky Cab Company, if plaintiff is entitled to a verdict under the rules of law I have and will give you in charge." *City Council of Augusta v. Tharpe,* 113 *Ga.* 152 (38 S. E. 389) ; *Hennemier v. Morris,* 51 *Ga. App.* 760 (4) (181 S. E. 602) ; *Spalding Lumber Co. v. Hemphill,* 77 *Ga. App.* 1, 4 (47 S. E. 2d, 514). Since, however, a new trial is to be had for other reasons, the court should, in giving such a charge, avoid any possible confusion in the first instance by limiting recovery in the supposed circumstances as against the negligent defendant only.

■ Special ground 8 complains of the following charge of the court: "On the other hand, if you should believe that the plaintiff suffered injury, as alleged, but same was due, not to the negligence of the defendants, or either of them, but of the plaintiff himself, or if due to the negligence of the defendants, or either of them, the same could have been discovered by the plaintiff and injury prevented by the exercise of ordinary care for his own safety, the plaintiff would not be entitled to recover; or if you find that the plaintiff was not injured as alleged, he would not be entitled to recover." It is contended that this charge is subject to the same infirmity as urged in special ground 7. We find no error. It assumes a situation where the plaintiff *could not recover,* and not where he could recover in the supposed circumstances stated in the charge dealt with in special ground 7, and needs no such qualifications as could possibly be urged against the other charge.

■ In special ground 9 complaint is made of the following charge of the court on the ground that it was not contended that the plaintiff could have avoided the alleged negligence of the defendant railroad and that it was confusing and misleading to the jury and harmful error: "It is the duty of the plaintiff to avoid the consequences of the defendants' negligence, if any, if the plaintiff knew of the negligence or by the exercise of ordi-

nary care could have discovered the same." In the same ground exception is taken to excerpts of the same nature, charging that if the plaintiff failed to discharge this duty he could not recover. "While ordinarily the court should not in a charge to the jury submit as an issue a matter which is undisputed, this is not always necessarily harmful or error demanding a new trial." *Pollard* v. *Gammon*, 63 *Ga. App.* 852, 856 (12 S. E. 2d, 624). The jury could not reasonably be said to have been misled and confused unfavorably as against the defendant by a charge which related only to a theoretical obligation of the plaintiff, and if any party could conceivably offer an objection it would seem to lie in the mouth of the plaintiff rather than the defendant railroad. This ground is without merit.

■ Special ground 10 complains that the court erred in failing to charge the jury as follows: "I charge you that if you find that the driver of the taxicab in which the plaintiff and his daughter were riding by the exercise of ordinary care could have avoided the collision which resulted in injuries to the plaintiff, regardless of any alleged negligence of the defendant, Atlantic Coast Line Railroad Company, then the plaintiff would not be entitled to recover from the defendant, Atlantic Coast Line Railroad Company." It is urged that inasmuch as the railroad contended that the negligence of the taxicab driver was the sole proximate cause of the plaintiff's injury it was deprived of a substantial right. The court charged generally that "If you find that either of the defendants by the exercise of ordinary care could have avoided the alleged collision, the other defendant would not be liable regardless of any alleged negligence on his part." Since this charge substantially instructed the jury as to the principle of law contended for, if more specific instructions were desired an appropriate written request should have been made. *Savannah Electric Co.* v. *Jackson*, 132 *Ga.* 559 (4) (64 S. E. 680); *A. A. A. Highway Express Inc.* v. *Hagler*, 72 *Ga. App.* 519 (34 S. E. 2d, 462); *Moore* v. *Smith*, 78 *Ga. App.* 49 (50 S. E. 2d, 219). No error is shown.

■ Special ground 11 complains that the court erred in failing to instruct the jury without request as to diminished earning capacity of the plaintiff in his declining years, on the ground that such charge was pertinent to the issues in the case, and that

without it the jury did not have a proper guide in its calculations. As to whether the court committed reversible error as charged, see *Central Railroad &c. Co.* v. *Dottenheim,* 92 *Ga.* 425 (3) (17 S. E. 662); *W. & A. R. Co.* v. *Davis,* 139 *Ga.* 493 (5), 494 (77 S. E. 576); *W. & A. R. Co.* v. *Roberts,* 144 *Ga.* 250 (8) (86 S. E. 933); *Merchants & Miners Transportation Co.* v. *Corcoran,* 4 *Ga. App.* 654 (6-a) (62 S. E. 130); *Central of Ga. Ry. Co.* v. *Hill,* 21 *Ga. App.* 231, 235 (94 S. E. 50); *Tennessee, Alabama &c. R. Co.* v. *Neely,* 25 *Ga. App.* 310 (103 S. E. 177); *Central of Ga. Ry. Co.* v. *Anderson,* 43 *Ga. App.* 189, 192 (158 S. E. 333); *Atlantic Coast Line R. Co.* v. *Heyward,* 82 *Ga. App.* 337 (3) (60 S. E. 2d, 641); *Furney* v. *Tower,* 34 *Ga. App.* 739, 743 (6) (131 S. E. 177), in all of which no instruction was given as to the use of mortality tables, and *W. & A. R. Co.* v. *Moore,* 94 *Ga.* 457 (6) (20 640); *Central of Ga. Ry. Co.* v. *Ray,* 129 *Ga.* 349, 353 (2) (58 S. E. 844); *W. & A. R. Co.* v. *Frazier,* 66 *Ga. App.* 275 (11) (18 S. E. 2d, 45), in all of which the court instructed the jury as to the use of mortality tables. We think that the correct rule is as stated in *Central Railroad &c. Co.* v. *Dottenheim,* 92 *Ga.* 525 (3) (17 S. E. 662), the oldest of the Supreme Court cases cited above, and which was followed in *W. & A. R. Co.* v. *Davis,* supra, and *W. & A. R. Co.* v. *Roberts,* supra, that in charging the jury as to damages for permanent injury the failure to instruct them that they should take into consideration the diminution of earning capacity of the plaintiff in his declining years was erroneous. This rule enables the judge to properly charge the jury without respect to the amount of the verdict which might be rendered by the jury, and which amount could not be predicted by him.

■ Ground 12 complains that the amount of the verdict was excessive, but as a new trial will be had no ruling is necessary here. Ground 13 complains of the admission over objection of alleged illegal testimony of certain witnesses as to the maintenance by the railroad of certain safety devices at other railroad crossings in the City of Waycross and their opinion as to their efficacy in preventing accidents and injuries. It is contended that although, upon request of counsel for the plaintiff, this evidence was ruled out, its original admission created a harmful effect which was not cured by the testimony being

afterwards stricken. It may reasonably be assumed that, because of the action of counsel for the plaintiff, such testimony will not be offered on another trial, and, hence, no ruling here is deemed necessary.

From a careful examination of the evidence it can not be said that a verdict was demanded as a matter of law for the plaintiff, and because of the errors in the charge of the court as shown hereinbefore, a reversal of the judgment is required.

*Judgment reversed. Gardner and Townsend, JJ., concur.*